588

MITCHELL and others *vs.* BLAIN and others.

Under the provisions of the revised statutes, giving to a post-testamentary child the same portion of the real and personal estate of the father as would have descended or have been distributed to such child if the father had died intestate, all the devisees and legatees must contribute rateably, in proportion to the value of the real or personal estate devised or bequeathed to them respectively, to make up the distributive share of such post-testamentary child. And in making such contribution, no distinction is to be made between specific, general and residuary legatees ; but each legacy is to abate rateably, in proportion to its amount, or value.

Even a legacy given to the widow of the testator in lieu of dower, must be taken into account in estimating the amount which the other legatees are bound to contribute, to make up the share of a post-testamentary child in the estate of the father. But as between the widow and such child, the latter cannot take a child's portion of the real estate discharged of the widow's right of dower, and also a rateable proportion of a legacy given by the testator to the widow, in lieu of such dower.

Where a bill was filed by a general and specific legatee, and by a post-testamentary child, against the executors and the residuary legatees, for the purpose of obtaining the direction of the court as to the manner in which the distributive share of the post-testamentary child, in the personal estate of the testator, was to be apportioned among the several legatees, the court directed the costs of the suit to be borne rateably, by the several parties interested in such personal estate.

The solicitor for a defendant, or for the guardian ad litem of an infant, who neglects to attend to the rights of his client upon the hearing of the cause, is not entitled to costs on such hearing, although he has a decree for his general costs in the cause.

March 15. THE bill in this cause was filed for an account and distribution of the personal estate of Joseph Hunt, deceased, under his will ; and to obtain the direction of the court as to the manner in which the share of a post-testamentary child of the testator should be apportioned between the specific, general, and residuary, legatees under the will. At the time of making the will, in September, 1831, and at the time of the testator's death, in September, 1832, he had a wife and one child living, and the descendants of two other children. By his will the decedent disposed of his personal estate as follows : To his widow the interest of $4000, for life, and a horse and two cows and a pleasure carriage and harness ; to his grand-

daughter, Letitia Smith, a legacy of $500, and to the Baptist church in Romulus $100; and the residue to his son Peter, for life, with remainder to his children. After the making of the will, and before his death, the testator had another child; which child was not mentioned in the will, nor provided for in any other way. The widow and three other persons were named as executrix and executors, and proved the will. The widow afterwards intermarried with J. Mitchell. And the bill was filed by her and her husband, and by Dolly Hunt, the post-testamentary child, against the other executors and legatees named in the will, and against the children of Peter Hunt the legatee of the residue for life. The complainants insisted, by their bill, that the widow was entitled to the whole interest for life on the sum of $4000, as the same was bequeathed to her by the testator; and that the post-testamentary child was entitled to one equal fourth part of the estate, after the payment of debts, legacies and expenses, and one fourth part of the $4000, after the death of the mother. Letitia Smith and the children of Peter Hunt, being infants, put in a general answer by their guardians ad litem; and the Baptist church suffered the bill to be taken as confessed. The executors, and Peter Hunt the residuary legatee for life, by their answers, admitted the facts stated in the bill; but they insisted that the legacy to the widow must contribute rateably towards the portion of the estate which was to be set apart for the post-testamentary child, and that such child was only entitled to such share of the estate as she would have received, if her father had died intestate, leaving a widow and four children, including herself. The cause was heard ex parte, the counsel for the defendants and for the guardians ad litem, neglecting to appear and argue on their part.

*J. Rhoades*, for the complainants.

THE CHANCELLOR. By the provision of the revised statutes, on this subject, it is very evident that the post-testamentary child is only entitled to one fourth of two thirds of the testator's personal estate, after payment of debts and funeral expenses, and the expenses of administration. The statute

declares that every such child shall succeed to the same portion of the father's real and personal estate, as would have descended or been distributed to such child, if the father had died intestate. (2 *R. S.* 65, § 49.) The infant complainant in this case is therefore entitled to one fourth of the real estate, subject to the mother's right of dower therein; and to one fourth of two thirds of the personal estate, which is the share she would have been entitled to, under the statute of distributions, if her father had died intestate.

The statute also provides that such after-born child shall be entitled to recover his or her share or portion of the estate, from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by the will. No distinction whatever is made, in this statutory provision, between specific, general and residuary legatees; and I am satisfied none was intended by the legislature. It was not intended to disturb the arrangement which the testator had made in the disposition of his property, among the several objects of his bounty, except so far as to compel each to contribute rateably, out of that which he would be entitled to according to the will, for the purpose of making up the distributive share of the post-testamentary child. The legacies must therefore abate rateably, in proportion to their amount and value; so that the residuary legatee shall only pay his rateable proportion, with the general and specific legatees. Even a legacy given in lieu of dower must be taken into account, in estimating the amount which other legatees are bound to contribute; although, as between the widow and such after-born child, the latter could not equitably insist upon a right to take a share of the real estate, discharged of the widow's claim of dower, and also to have a rateable proportion of the legacy which had been given by the testator, in lieu of such dower.

By allowing to the infant complainant one fourth of two thirds of the $4000, upon which Mrs. Mitchell is entitled to the interest for life; and giving to her the interest only upon the other five sixths of that sum, a proper apportionment will be made of that part of the personal estate of the testator, both as to Mrs. Mitchell's life estate in the interest, and as to the

1836.

Mitchell
v.
Blain.

reversion or remainder, after her death, which belongs to the residuary legatees. The specific legacy to the widow must also contribute, in proportion to its value at the death of the testator; and she must pay to the infant complainant one sixth of such value. The legacies to Letitia Smith, and to the church, must likewise be reduced one sixth, and the general residue of the estate must contribute in the same proportion.

A decree must be entered, declaring the rights of the parties accordingly; and, if any of the parties think it necessary, a reference must be directed, to take an account of the estate, and of the amount due to each of the legatees, and to the infant complainant, upon the principles above stated; allowing interest, after the expiration of one year from the death of the testator, as shall be equitable. As the complainants' construction of the statute is not sustained by the court, it would be unreasonable and inequitable to charge the costs of this suit wholly upon the residuary interest, which belongs to Peter Hunt for life, and to his infant children, after his death. The costs must therefore be borne rateably by all the parties, in proportion to their several interests in the personal estate of the testator. But the solicitors who have neglected to attend to the rights of their clients, on the hearing, are not to be allowed any costs upon the ex parte argument by the complainants' counsel.