E. Clifford Neff et al., Executors, etc. v. Peter Neff et al., Devisees, etc.

(No. 9,240.)

1. Whenever it becomes necessary to obtain the opinion of the court in relation to the equities involved, where the fund of an estate to be divided is complicated with a trust, to be performed by the executors, and there is a doubt as to their powers, or the mode in which they are to be executed, all the costs accruing in consequence of the application, are a charge upon the estate, whether the charges be made by the trustees or devisees.

2. This rule does not apply when the devisees litigate questions captiously, capriciously, or without reason.

Special Term.—On suggestion as to attorney's fees.

E. Clifford Neff et al. Executors, etc. v. Peter Neff et al. Devisees, etc.

*Tilden, Rairden & Kittredge*, for plaintiffs.

*Worthington & Matthews*, for defendants.

STORER, J. A question has arisen as to the taxation of costs—whether they shall all be borne by the common fund, or a portion charged to one of the defendants.

The determination of this question depends upon the circumstances of the case.

A petition is filed by the plaintiffs as executors of the last will and testament of William Neff, deceased, to obtain a judicial construction of certain clauses in the testator's will, which, it is alleged, are uncertain, caused by the ambiguous language, as well as the mode in which the devises are stated. One of the devisees, who is made a defendant, sets forth his view of the testator's intentions, and the executors also present theirs.

After full argument, I have held that some of the grounds assumed by the defendant, as well as some assumed by the executors, are alike tenable.

I have ordered the executors to proceed to sell the real estate of the testator, and thus give to the defendant his share at once, without further postponement. Some of the charges made by the executors for incidental expenses, as well as those required by the will to be specially incurred, have been objected to, and the objection overruled. But the questions made were merely incidental, and did not affect the main proposition, upon which the court has passed.

The executors presented, by their counsel, what they supposed was the legal construction of the testator's intention in the several clauses of the will, and the same course was adopted by the devisees. Both were necessary and proper for a full investigation of the case. Both have materially aided me in arriving at a conclusion, and were regarded with equal favor.

If, then, upon equitable principles, I can charge all the

costs upon the estate, involved in the construction of the will, it is my duty to do so.

The rule laid down by the chancellor in *Studholme* v. *Hodgson*, 3 P. W. 303, is this: Where a testator leaves a question as to his intention in doubt, and it is necessary in consequence, to apply to a court of chancery for advice, the entire estate is chargeable with the costs. If a doubt arises upon the personalty, that portion of the property bears the burden; if upon the realty, the costs are a charge upon the land.

The same doctrine is very fully recognized in *Jolliffe* v. *East*, 3 B. C. C. 25, where it is said, "Where the testator expresses himself so ambiguously as to make it necessary for the executors to come into court, his general assets must bear the costs." So in *Ripley* v. *Moysey*, 1 Keen, 579; and *Eyrie* v. *Marsden*, 2 Keen, 564. So also in *Rogers* v. *Ross*, 4 J. C. 608; *Mitchell* v. *Blain*, 5 Paige, 588; *Wood* v. *Vandenburgh*, 6 do. 278; 20 Pick. 388, *Sawyer* v. *Baldwin*.

It is clear then, upon authority, whenever the fund to be divided is complicated with a trust, to be performed by the executors, and there is a doubt as to their powers, or the mode in which they are to be executed, and it becomes necessary to obtain the opinion of the court, in relation to the equities involved, all the costs accruing in consequence of the application, whether of the trustees or the devisees, are a charge upon the common estate.

This principle must be, nevertheless, so far restricted, as to forbid its application, when the devisees litigate questions captiously, capriciously, and without reason; but when the points in controversy are presented by all the parties, and the court derives light from the counsel of both, and at last decree upon a principle admitted by both, differing only in the mode of its application, and all interested are to be equally benefited, we have no hesitation in holding the estate responsible for all the expenses incurred.

We, therefore, allow the sum of $1,200 to be equally divided between the counsel of the parties interested, this

charge to include all services, from the filing of the petition till the final decree in the cause.

An allowance of fees ordered to be taxed.