HERBERT H. SANFORD, RESPONDENT, *v.* MARIA D. SANFORD, AS EXECUTRIX, ETC., AND IN PERSON, APPELLANT, WILLIAM A. SANFORD AND ANOTHER, RESPONDENTS.

2 *R. S.*, (*m. p.*) 65, *sec.* 44 — 2 *R. S.*; (*m. p.*) 456, *secs.* 64, 65 — *Post-testamentary child — share of, in estate of deceased parent — rule for determining — how assessed among devisees and legatees — Advancements — Legacy in lieu of dower.*

The rule as to the mode of determining the share of a post-testamentary child in the estate of his deceased parent discussed.

In order to determine the assessment among the devisees and legatees of a share ascertained to belong to a post-testamentary child, each devisee and legatee is charged with such proportion thereof as the aggregate value of the testator's estate, on the day of his death, after the payment of debts, bears to the share of the post-testamentary child.

Whether advancements are to be included when the share of the post-testamentary child is computed, but not when it is assessed, quære.

A legacy in lieu of dower abates like other legacies, and is not a charge upon the real estate, but is only entitled to a preference in payment from the personal estate over other legacies.

APPEAL by defendant Maria D. Sanford from a judgment entered on the decision of the court at Special Term.

The action · was brought by a post-testamentary child, to recover his share of the estate of his father. The case has already been before this court. (61 Barb., 293.) It has since been tried before the Special Term. The plaintiff brought two actions in this court to recover the share of real and personal estate to which he would have been entitled, had his father died intestate : one action, pursuant to 2 Revised Statutes, 456, section 64, against the executors of Joseph H. Sanford, deceased, to recover his share of the personal estate of the deceased; the other action, pursuant to 2 Revised Statutes, 456,·section 65, against the devisees under said will, to recover his share of the real estate of the deceased. In both actions he alleged that advances had been made to the defendants William A. Sanford and Joseph H. Sanford, of both real and personal estate, and prayed for an account and reckoning of all such advances in estimating his share. Both actions are consolidated under the above title, and the decree appealed from is entered in such consolidated action. From the decision, one of the defendants appeals.

No question is raised on this appeal involving the rights of the plaintiff. The only questions relate to the rights of the defendants, as to each other.

*Edward C. James,* for the plaintiff, respondent.

*Charles O. Tappan,* for the appellant.

*H. L. Knowles,* for the defendants, respondent.

LEARNED, P. J. :

First. The share of the post-testamentary child was computed, on the trial, as follows : Deduct one-third of the personal estate,

as for the widow's share, under the statute of distributions. Take the remaining two-thirds, together with the total value of the real estate of which the testator died seized, and the total of all advancements made to children in the testator's life. Divide the aggregate by the number of children, and the quotient will be the plaintiff's share; but his share of the real estate is subject to her dower.

There is no appeal from this part of the judgment, and therefore we have not to pass upon its correctness.

In the present case the advancements did not, as to any child, exceed the share of the estate, including advancements, which he would have had on an equal distribution. But if it had exceeded such share, some modification of the rule would seem to have been necessary, even if the rule be correct in general. For example: If a father had advanced $6,000 to a child, A, during life, and then had died, leaving a will giving his whole property, worth $3,000, to another child, B, and leaving, also, a post-testamentary child, C, under the rule adopted, unless modified, C would have taken the whole, and B nothing. It is not necessary, then, to decide at present, whether the provisions of 1 Revised Statutes, (m. p.) 754, section 24, apply to cases under 2 Revised Statutes, (m. p.) 65, section 44. The former section is, in words, limited " for the purposes of this section *only*." The share of the post-testamentary child is to be recovered " out of the parts devised and bequeathed." This point does not seem to have been involved in *Mitchell* v. *Blain* (5 Paige, 588 ; see *Thompson* v. *Carmichael,* 3 Sandf. Ch., 120).

There may be some question, also, whether the widow, having accepted the legacy in lieu of dower, should have dower in the share of the post-testamentary child. No appeal is taken on this point.

Second. Having ascertained the share of the post-testamentary child, by taking his equal portion of the estate, including advancements, the judgment assesses this share as follows : Each devisee and legatee is charged with such proportion thereof, as the aggregate value of the testator's estate, on the day of his death, after the payment of debts, bears to the share of the plaintiff, as above ascertained. It will be seen, therefore, that, as the advancements were included when the plaintiff's share was computed, but were

not included when it was assessed, there is a certain apparent irregularity in the assessment. The advancements were not in the same proportion as the legacies and devises. Thus the advancements had the effect to increase the assessments of the plaintiff's share on the legatee and devisee who had received no advancement. And this occasions one of the grounds of appeal. This apparent irregularity arises from the adoption of the rule, that, in computing the share of the post-testamentary child, advancements are to be included. And it is plain that it is not easy to assess the share in a manner which shall be consistent with the will and the statute, and also equitable. But assuming, as we must, that the share of the post-testamentary child is fixed, it seems to me that the statute positively determines its apportionment. (1 R. S., [m. p.] 65, § 44.) He is entitled to recover "from the devisees and legatees *in proportion to*, and out of, the parts devised and bequeathed to them by will." The language is plain. The recovery must be *in proportion* to the legacies and devises, and it is to be recovered *out of* these legacies and devises. The statute referred to by the appellant, relative to bringing suits by and against legatees, heirs and devisees (2 R. S., [m. p.] 456, §§ 64, 65), uses the words "just and equal contribution by the legatees," and "just and proportionate contribution by each devisee." This is not inconsistent with the former statute, which expressly establishes the proportion of the recovery, thus declaring what was just. And if there were any inconsistency, the former statute should govern, because the language of that statute is definite, and is intended to establish the rule. That of the latter is only intended to give power to enforce it. For these reasons, while I appreciate the apparent inequality which is so ably set forth by the appellant, I think that the plaintiff's share was in this respect assessed in conformity with the statute.

Third. It is claimed, on behalf of the appellant, that the legacies and devises to her, being in lieu of dower, and having been accepted, must be paid in full, and that she has a lien for the deficiency on the real estate devised to the respondents. The ground of this claim is that a legacy or devise in lieu of dower, when accepted, becomes as it were a purchase of the dower right; that it is not a merely voluntary gift; that the widow has

parted with value in consideration thereof, and that it should, for these reasons, be paid as a *quasi* debt — a price given for the relinquishment of her rights, which relinquishment has inured to the benefit of the devisees of the real estate.   These views are set forth in *Isenhart* v. *Brown* (1 Edw. Ch., 411), and cases there cited ; and they establish the doctrine that a legacy in lieu of dower shall not abate like other legacies.   It appears to me that the same argument is very forcible to uphold the view of the appellant, viz., that a legacy in lieu of dower must be paid, even from the real estate. The widow is obliged to elect whether she will accept or not, within one year after her husband's death.   (1 R. S., [m. p.] 742, § 14.)   It is not till a year after the issue of letters, at the shortest, that the amount of the debts can be ascertained.   (2 R. S., [m. p.]:88, § 39.) So that she is compelled to make her election before she can positively know the amount of the debts.   If she elects, therefore, to take the testamentary provision, she must do so, I think, on the assumption that it will be paid, if there be any property with which to pay it.   She gives up an estate in land, and I see not why those whose land is benefited by the bargain should not pay the purchase-price.   But I am bound by the decision or opinion in *Babcock* v. *Stoddard* (3 N. Y. S. C., 207).   The court in that case, admitting the justice of the claim, say that they have found no authority for it, and are not prepared to assert it.   It must be noticed, however, that, in that case, the legacy in lieu of dower had not been accepted.   The widow died a few days after the will was proved, without making an election.   Thus the important element of a *quasi* bargain was wanting.   She had parted with nothing, and might never have accepted the legacy.   Still, I think it is better that we should follow the opinion of the court in that case than to have any conflict of views. ·

For these reasons, I think that the judgment should be affirmed, with costs to the defendants respondent, J. H. and M. E. Sanford, but not to the plaintiff.

JAMES, J. (dissenting):

But two questions are presented on this appeal: First, was the plaintiff's share properly assessed ?   Second, is the deficiency of the widow's legacy a lien on the real estate ?

The only objection to the manner in which the plaintiff's share was assessed, is, that by making the assessment *pro rata*, the widow is compelled to contribute from the property given to her in lieu of dower, to make up that portion of the plaintiff's share which he is entitled to recover by *reason of the advancements* given to the elder sons. It was decided in *Mitchell* v. *Blain* (5 Paige, 588), that a widow's legacy in lieu of dower must contribute ratably with the other legacies to make up the share of an after-born child, and, as an equivalent, the widow was allowed dower in the real estate received by such child, because, if the father had died intestate, such share would have been subject to dower. That rule has been followed in this case; but in *Mitchell* v. *Blain* (*supra*) the question in this case presented did not arise, because there were no advancements in that case.

The child is entitled to the same share of his father's estate as if the testator had died intestate. (2 R. S., 65 § 49.) Had he so died, the advancements would have been so reckoned in ascertaining such share. (2 R. S., 97, § 76; 1 R. S., 754, § 23.) They were properly reckoned in this case, and no objection is made thereto by any party; but had the testator died intestate, then the advancements would have been deducted from the shares of the heirs and next of kin who received them, and they would only have been entitled to the difference, if any. (Id.) The appellant now claims that, inasmuch as the heirs who received the advancements, are respectively devisees under the will, of property sufficient in value, after making up their *pro rata* contributions to plaintiff's share, exclusive of advancements, to wholly pay the *increase* of plaintiff's share by reason of their respective advancements, such *increase* should be wholly assessed upon the devisees who received the advancements which create it, and not upon the appellant, who received no part of such advancements. There is a strong equity in this claim, and, unless there is some rule of law which prohibits its allowance, this equity should not be disregarded.

There are several provisions of statute in respect to the manner in which the legatees and devisees should contribute to make up plaintiff's portion. By 2 Revised Statutes, 65, section 49, it is provided that the after-born child "shall be entitled to recover the same portion from the devisees and legatees, in proportion to and

out of the parts devised and bequeathed to them by such will." By 2 Revised Statutes, 456, sections 64, 65, the Supreme Court is empowered to compel the legatees to make a "just and equal contribution," and to make the devisees make a "just and proportionate contribution," to make up such share. It is plain that the legislature, by these provisions, intended to invest the court with full power to do justice in such cases.

In most instances, a proportionate contribution would be just. But here is a case, where it seems to me to be grossly unjust. The widow, whose legacy and devise are in lieu of dower and all claims on the estate, and who received none of these advancements, is compelled to contribute equally with the devisees, who received the advancements. In other words, she is compelled to pay plaintiff about $3,000, because the testator advanced William A. $6,000 and Joseph H. $10,245, although both these sons have enough given them by the will to pay the same in addition to all their other contributions. In such a case, equity requires that the increase by reason of advancements, be first paid from the property devised and bequeathed to the legatee or devisee who received them, until such property is exhausted, before the other legatees and devisees are called upon to contribute on account thereof; and such is the true application of the statute to this case. Therefore, the judgment should be modified by reassessing the plaintiff's share in accordance with the above views.

The deficiency of the legacy in lieu of dower is a lien upon the real estate passing under the will to the defendants, William A. and Joseph H. Sanford. Such a legacy is not a bonus or gratuity, but a price offered by the testator for his wife's interest in the real estate. When accepted, it amounts to a contract of purchase. (*Isenhart* v. *Brown*, 1 Edw. Ch., 411, and cases cited.) As between the widow and legatees and devisees, she is entitled to payment in full, while there is property enough of the estate to pay it. If the personalty is insufficient, it is a lien on the realty. (*Flynn* v. *Croniken*, 9 How., 214.) The devisees cannot take advantage of the relinquishment of the dower, and repudiate the payment of the consideration therefor ; especially in a case like this, where the will requires that it *shall* not only be accepted, but shall also be *received* in order to be in lieu of dower.

The case of *Babcock* v. *Stoddard* (3 N. Y. S. C., 207) is of no authority on this last point. There the widow died without accepting the legacy. It was not then a contract, but an *offer* simply while it remained unaccepted, and hence was not a lien. The question in this case presented did not there arise.

The judgment should also be modified by adjudging the deficiency of said legacy, with the interest, to be a lien on that part of the real estate devised to William A. and Joseph H. Sanford which remains to them after contributing to plaintiff's share, to be paid from the proceeds of the sale of said part, in preference to all other claims thereon.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs to the respondents J. H. and M. E. Sanford, but not to plaintiff.