JAMES M. G. SMITH, AS GENERAL GUARDIAN, ETC., OF CARRIE B. SCOTT, AN INFANT, APPELLANT, v. JONATHAN C. ROBERTSON AND ABIGAIL J. ROBERTSON, RESPONDENTS.

*Rights of an only child, born after the making of a will by the father — it may recover land sold by the executor under a power in the will — 3 R. S. [6th ed.], 64, § 47 [49].*

On September 5, 1862, one Scott, being married, but having no children, made a will, by which he authorized his executor to sell all his property, both real and personal, and pay the proceeds thereof to his widow. On April 17, 1864, the plaintiff, the testator's only child, was born, and about a month thereafter Scott died, leaving his will unaltered, his child not being in any way mentioned therein, and not being provided for by any settlement. On December 1, 1865, the executor named in the will sold certain real estate, of which Scott died seized, to the defendant for the sum of $3,200, $2,200 thereof being paid in cash, and the residue by discharging a mortgage upon the premises.

In this action, brought by the plaintiff to recover the said land, subject to the dower of her mother:

*Held*, that the plaintiff not being provided for by or mentioned in the will, succeeded, under section 49 of 2 Revised Statutes, 65, to the same portion of her father's real and personal estate as would have descended or been distributed to her if her father had died intestate.

That she was not confined to suing the devisee or legatee to recover the proceeds arising upon the sale made by the executor, but could bring an action against the grantee and recover the land itself.

APPEAL from a judgment entered upon an order dismissing the complaint, made upon the trial of this action by the court without a jury.

The action was brought to recover the possession of two lots in the village of Middletown, Orange county.

The lots in question were owned by John J. Scott, who died seized of said premises on the 12th day of May, 1864. He left him surviving his widow, Sarah A. Scott, and Carrie B. Scott, his only child and heir-at-law.

On the 5th day of September, 1862, after his marriage, but nearly two years before the child was born, John J. Scott made a will authorizing his executor to sell all his property, real and personal, and pay the whole of the proceeds to his widow. Nineteen months after this will was made (April 17, 1864) Carrie B. Scott, testator's only child, was born. About a month after the birth of his child

(May 12, 1864) John J. Scott died. His child "was unprovided for by any settlement, and neither provided for nor in any way mentioned in such will."

The defendants claimed to own the property in question by virtue of a conveyance from Israel O. Beattie, the executor of the last will and testament of John J. Scott, executed under the power of sale contained in the said will.

They gave as the purchase-price $3,200 ($1,000 of which amount was paid in discharge of a mortgage on the premises which they assumed). They claimed, also, that they had made valuable improvements on the property.

*Winfield, Leeds & Morse,* for the appellant. When John J. Scott died the statute operated so as to vest the title of his real estate in his child, and at the moment of his demise she became seized absolutely of the property in question. (2 R. S., 65, § 49; 3 R. S. [6th ed.], 64; *Sanford* v. *Sanford,* 61 Barb., 293; *Mitchell* v. *Bain,* 5 Paige, 588; *Mason* v. *Jones,* 2 Barb., 229; *Rockwell* v. *Geery,* 4 Hun, 606; *Plummer* v. *Murray,* 51 Barb., 201.) Plaintiff, as general guardian, being entitled as such to the possession of the ward's real estate can maintain ejectment in his own name. (Tyler on Ejectment, 173, 174, 538; *Wade* v. *Cole,* Ld. Raymond, 130; *Holmes* v. *Seely,* 17 Wend., 75; *Combs* v. *Jackson,* 2 id., 153; 2 Kent's Com., 228.)

*Stoddard & Donovan,* for the respondents. The birth of the child did not operate as a revocation of the will. The uniform construction placed upon the statute in this State has been that the will remains and that distribution must be made under it. The remedy of the after-born child is against the devisees or legatees for the parts devised and bequeathed. (2 R. S., 65, § 49; id., §§ 42, 43, 45; *Mitchell* v. *Bain,* 5 Paige, 588; *Sanford* v. *Sanford,* 4 Hun, 756; *Brush* v. *Wilkins,* 4 Johns. Ch., 518; *Cotheal* v. *Cotheal,* 40 N. Y., 408; *Sanford* v. *Sanford,* 61 Barb., 297; *Bromly* v. *Walker,* 51 id., 202; *Mason* v. *Jones,* 2 id., 256; *Rullmayne* v. *Rullmayne,* 3 Hun, 128.) If the will is not entirely revoked the absolute direction and power to sell and convert into money the real estate of the testator, given to the executor in said will, operated as an equitable conversion of the estate into money, and the conversion takes place

at the death of the testator. (*Horton* v. *McCoy*, 47 N. Y., 26; *Meakings* v. *Cromwell*, 1 Seld., 136; *White* v. *Howard*, 52 Barb., 296; *Bunce* v. *Vandergriff*, 8 Paige, 37; *Stillwell*, *Exr.*, etc., v. *Nott*, 2 Sand. Ch., 58; *Bogert* v. *Hertell*, 4 Hill, 492.)

DYKMAN, J. :

We are called upon to find the true meaning of the following statute: "Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die, leaving such child, so after born, unprovided for by any settlement, and neither provided for nor 'in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will." (3 R. S. [6th ed.], 64, § 47, [49].)

By the common law, marriage and birth of a child subsequent to the making of a last will worked its revocation, but the mere birth of a post testamentary child never was given such operation.

This statute was doubtless designed to soften the operation of this severe rule of the common law on after-born children, which must often have resulted in their disherison. It is true there is in it no direct provision for revocation in the event of the birth of a post testamentary child, and yet it will be impossible to give full signification to the language employed without permitting a nullification of the effect of such a will in a case like the present. This child cannot succeed to the same portion of her parent's real and personal estate as would have descended or been distributed to her in the event of the death of her parent intestate, if the will is permitted to remain in force, for the very obvious reason that the property must then take the direction given it by the will.

The father of the infant child in whose interest this action is prosecuted, made his last will and testament on the 5th day of September, 1862. He was then married but childless. This child was born to him April 17, 1864, about nineteen months after he made his will, and on the 12th day of May, 1864, he died. The will gives

all the testator's property to his wife, after the payment of debts, and gives the executor power to sell his real property. The testator, at the time of his death, was seized in fee of the premises in question, which were conveyed to the defendant in this action, who has been in possession thereof since that time, and now this action of ejectment is brought, in behalf of the infant child, for the recovery of the premises which would have descended to her, subject to the dower right of her mother, had her father died intestate. It was admitted and found that this child is unprovided for by any settlement and neither provided for nor in any way mentioned in her father's will.

She stands, therefore, under the protection of this statute, which intended to provide for all persons similarly situated. Under it she must succeed to the same portion of her father's real estate as would have descended to her if he had died intestate. This is strong, emphatic language and must receive satisfaction, which can only be given to it in full by allowing her to recover the land. The last clause of this statute provides that such child shall be entitled to recover the same portion thereby secured to it, from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will, and the argument drawn from this is that the succession provided for by this statute must occur under the will.

So far as this case is concerned, the answer to this argument seems plain. The recovery here provided for is against the legatees and devisees, who have received and taken possession of the property under the provisions of the will, and who would have shared the same with the after-born child in case of intestacy. Had there been here other children or heirs to whom the property was devised by the will, and who would have taken a share thereof by descent in case the father had died intestate, then this would present a case where the will would open to let in the after-born child, and to which this clause of the statute would apply. Now, however, there exists no person with whom she can be let in, and as there are no persons who would have shared the property with her in case her father had left no will, so there is no case presented for opening the will to let her in, and none for an action under this provision. In no case do after-born children share under the will. They share under and by virtue

of this statute, against and notwithstanding the will, and if no person exists who can share with them, they must take all as if no will was made. Such is the state of this infant child. She takes all, subject to the dower right of her mother, because there are no children or heirs who would have shared with her if her father had died intestate.

This land in question would have descended to this infant child as sole owner, had her father died intestate, whereas, now it has been conveyed to a stranger under the will, and is not in possession of a devisee against whom an action is given by this statute. Is the child, therefore, barred her action for the recovery of the premises because it did not go to devisees under the will, and has she her only remedy in following the proceeds of the sale? We cannot so conclude. Such a construction of the statute would not permit her to succeed to the same portion of her parents real estate as would have descended to her if he had died intestate.

We can find no way of giving full effect to the statute in question, but by holding that this child took title to the house and lot in question, by descent as in case of intestacy.

It seems somewhat remarkable that no case has arisen in this State directly involving this question, but so far as we can gather from cases where this statute has received attention, the judicial mind has inclined to the construction we adopt.

In the case of *Mitchell* v. *Blain* (5 Paige, 588), at the time of making his will, and at the time of his death, the testator had a wife and one child and the descendants of two deceased children, and after the making of the will, and before his death, he had another child born not mentioned in the will nor provided for in any other way, and the chancellor said: "The infant complainant in this case is, therefore, entitled to one-fourth of the real estate, subject to the mother's right of dower therein, and to one-fourth of two-thirds of the personal estate, which is the share she would have been entitled to under the statute of distributions if her father had died intestate."

In *Sanford* v. *Sanford* (61 Barb., 295) the plaintiff was a post testamentary child and the defendants were the widow and two children of the testator living at the time of the making of the will. Two actions were commenced by the plaintiff against the other heirs

and the executors, one to enforce distribution of the personal property and the other to compel partition of the real property, and the two were consolidated into one. Here the devisees and legatees were children and heirs, and the court said: "The plaintiff, therefore, succeeded to the same portion of his father's real and personal estate as would have descended or been distributed to him if his father had died intestate, and he is entitled to recover the same portion from the devisees and legatees named in his father's will, in proportion to and out of the parts devised and bequeathed to them by such will. * * * The plaintiff's rights are the same as they would have been if his father had never made a will and had died intestate."

The statute came again under consideration in *Rockwell* v. *Geery* (4 Hun, 611), and the judge who prepared the opinion said therein, "Florence Geery comes within the provisions of this section, and as to her, Isaac Geery, her father, died intestate."

If our view of this statute is correct there was no conversion of the land into money, because the sale was wrongful as against the plaintiff. The title to the land was already vested in her at the time of the sale.

The payment of the mortgage by the grantee of the executor cannot bar a recovery of the plaintiff in this action.

The judgment must be reversed and a new trial granted, with costs to abide the event.

Barnard, P. J., concurred; Gilbert, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.