In the Matter of the Accounting of LAWYERS TRUST COMPANY, as Administrator C. T. A., and CHARLES VICEDOMINI, as Executor of JAMES E. VICEDOMINI, Deceased.

Surrogate's Court, Kings County, August 11, 1949.

*Hyman I. Fischbach* for Lawyers Trust Company, as administrator *c. t. a.* of James E. Vicedomini, deceased, petitioner.

*Warmflash & Gross* for Charles Vicedomini, as executor of James E. Vicedomini, deceased, petitioner.

*Warmflash & Gross* for Charles Vicedomini, individually, and others, respondents.

*Joseph R. Corso,* special guardian for James E. Vicedomini, Jr., an infant.

McGAREY, S. This proceeding presents a new and confusing problem in estate administration, testamentary and statutory construction.

Testator died on February 8, 1946, leaving a last will and testament dated July 28, 1944, which was duly admitted to pro-

bate. The will gives one half of his estate to his widow and the remaining one half in equal shares to two brothers, a sister and a nephew. At the time of the execution of his will, testator was married but had no children. A son was born shortly prior to testator's death who was "unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will" (Decedent Estate Law, § 26), and therefore, under the provisions of that statute, the after-born child is entitled to the benefits therein provided.

The widow, mindful of the impact which the provisions of section 26 would have upon the testamentary disposition made for her benefit, filed an election to take her intestate share pursuant to section 18 of the Decedent Estate Law.

Were it not for the election filed by the widow, the arithmetical computation of the interests of the after-born child would be easy of solution by resorting to the formula in the latter part of said section 26 which reads in part: "every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

By the phrase "if such parent had died intestate", coupled and read together with the provisions of subdivision 1 of section 83 of the Decedent Estate Law, the after-born child would be entitled to his intestate share of two thirds. Applying the formula prescribed by section 26, and following the language used in *Mitchell* v. *Blain* (5 Paige Ch. 588, 590) that: "The legacies must therefore abate rateably, in proportion to their amount and value; so that the residuary legatee shall only pay his rateable proportion, with the general and specific legatees", the arithmetical computation would require that the child's two-thirds share be made up by taking two thirds of the widow's bequest and two thirds of the bequests to the brothers, sister and nephew thereby reducing to one sixth each the share of the widow and the shares of the brothers, sister and nephew as a class.

All of the reported cases, not involving the rights of a surviving spouse under the revision of the laws affecting decedents' estates (effective September 1, 1930) have so held and applied the above formula.

But what of the rights and interests of the widow? How is she affected by the application of section 26 of the Decedent

Estate Law in favor of the after-born child? How, if at all, is the after-born child affected by the application of section 18 of the Decedent Estate Law in favor of the widow? What impact has the application of both sections upon the rights and interests of the brothers, sister and nephew, and, in this connection what effect can be given, if at all, to testator's clear intention to make equal division of his estate between his wife on one hand and his brothers, sister and nephew as a class on the other?

These questions must be considered and answered in finding a solution to the problem presented for determination — the shares in the estate to which the widow, the after-born child and the brothers, sister and nephew are entitled.

Cases involving persons who died leaving wills executed prior to September 1, 1930, are inapplicable to the present controversy; nor are cases applicable which do not involve the concurrent application of section 26 of the Decedent Estate Law and the exercise of a right of election by a surviving spouse pursuant to section 18 of the Decedent Estate Law.

The solution of this problem must be found in the wording of sections 26 and 18 of the Decedent Estate Law:

Section 26, in part, provides as follows: "* * * every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, *and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will.*" (Emphasis supplied.)

Subdivision 1 of section 18 provides: "1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section."

An effort must be made to reconcile the apparently conflicting provisions of section 18 and section 26 of the Decedent Estate Law and testator's testamentary intent as provided in his will. The following conflicts are presented: (1) Testator gave widow one half; brothers, sister and a nephew as a group one half. (2) Section 26 reduces these shares to one sixth each and gives two thirds to child. (3) Section 18 gives widow irreducible minimum of one third.

The widow must, therefore, receive one sixth from the remaining assets of the estate. Does she take it entirely from the

brothers', sister's and nephew's one sixth and leave them nothing? This would do violence to subdivision 2 of section 18 as well as to the testator's intention as expressed in his will.

Does she take her one sixth entirely from the after-born child, reducing his share to one half? There is no authority for this in section 18.

Subdivision 2 of section 18 of the Decedent Estate Law reads: " Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section has been deducted *and the terms of the will shall as far as possible remain effective.*" (Emphasis supplied.)

Section 18 does not specifically prescribe the source from which any difference between the surviving spouse's share under her right of election and the amount of her testamentary provision shall be taken, but the courts have. uniformly held that the difference is to be taken proportionately from a cross section of the estate and all others, legatees, or devisees, specific, general or residuary, outright or in trust, must contribute in the proportion that their individual shares bear to the aggregate of their benefits. (*Matter of Goldsmith,* 175 Misc. 757; *Matter of Holcomb,* 75 N. Y. S. 2d 843, 845.)

The only comparable cases arising under section 26 of the Decedent Estate Law are: *Rockwell* v. *Geery* (4 Hun 606) ; *Yung* v. *Blake* (163 App. Div. 501) ; *Mitchell* v. *Blain* (5 Paige Ch. 588, *supra*).

Applying the provisions of section 26, the share of the after-born child must be taken from the shares of the widow and brothers, sister and nephew and he, in effect, and under the working of the section, becomes an assignee of the widow to the extent of two thirds of her share and an assignee of the brothers, sister and nephew to a similar extent to make up his intestate share. While the word assignee is not used in section 26, that is the effect of the words, giving the after-born child the right " to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will." The strict application of these words might justify the denial of a right of election to the widow, as she was given more than her intestate share by the will of testator and there would be no deficit to make up, the after-born child taking by assignment from her and not under the will. This court prefers to consider him a statutory legatee to the amount of his intestate share. Any result denying the widow her full intestate share would do violence to the spirit and intent of section 18 of the Decedent Estate Law.

Similarly, any result which would deny the brothers, sister and nephew any share in the estate would do violence to the testator's intentions and ignore the provisions of subdivision 2 of section 18 of the Decedent Estate Law quoted above, which says that after providing for a widow's elective share the terms of the will shall remain effective as far as possible.

Many other formulas have been suggested as possible solutions but none of them give effect to the testamentary intent of the testator and the statutory mandate as completely or as fully as the one which the court has adopted.

The following formulas are discarded for reasons indicated: Two thirds to after-born child and one third to widow would ignore completely testator's wishes, the limitations in section 26 and provisions of subdivision 2 of section 18 of the Decedent Estate Law.

One sixth to widow, one sixth to brothers, sister and nephew and two thirds to after-born child ignores positive command of section 18 of the Decedent Estate Law.

One third to widow, one half to after-born child and one sixth to brothers, sister and nephew ignores decisions holding amount necessary to make up widow's intestate share must come from a cross section of balance of estate.

Seven eighteenths to widow, one ninth to after-born child, one half to brothers and sister and nephew. This formula is based on the argument that the widow's election leaves the balance of her testamentary share one sixth to pass as in intestacy, therefore, the after-born child takes two-eighteenths and widow one eighteenth of entire estate, or two thirds and one third of such one sixth and after-born child is not unprovided for and section 26 does not apply.

The courts have stated that an intestate share resulting from a lapsed legacy or devise or invalid testamentary provision is not the provision for an after-born child, which would render section 26 of the Decedent Estate Law inoperative. While this court might believe that an after-born child in such a case might be otherwise provided for, it, nevertheless must apply the law as it believes it has been previously stated. (*Bloomer* v. *Bloomer,* 2 Bradf. 339; *McCrum* v. *McCrum,* 141 App. Div. 83.)

It is, therefore, the opinion of this court and it holds that under section 26 of the Decedent Estate Law the after-born child receives his intestate share of two thirds by deducting two thirds from the widow's testamentary share and two thirds from the share of the brothers, sister and nephew, leaving one sixth to

widow and one sixth to brothers, sister and nephew collectively.

Under the exercise of her right of election the widow is entitled to receive one third of the estate. Her testamentary share, having been reduced to one sixth, the deficit is also one sixth which must be taken from a cross section of the estate or from the remaining five sixths in the proportion that the individual shares bear to the aggregate, or four fifths of one sixth, or two fifteenths from the after-born child and one fifth of one sixth, or one thirtieth, from the shares of the brothers, sister and nephew leaving the distribution of the estate as follows: Widow one third, after-born child eight fifteenths and the brothers, sister and nephew two fifteenths respectively.

This is the result which would have followed had testator provided in his will for one sixth to his widow, one sixth to his brothers, sister and nephew and two thirds to his son, and should be the result as the consequence of the operation of sections 26 and 18 of the Decedent Estate Law upon his testamentary provisions.

After reaching the conclusion herein expressed but before releasing its opinion the attention of the court has been directed to *Matter of Wurmbrand* (194 Misc. 203) where, in a somewhat similar factual situation, the parties conceded that an after-born child, otherwise unprovided for, was entitled to two thirds of its mother's estate. However, a niece who was a testamentary devisee and legatee in substantially equal shares with the surviving spouse asserted that the latter had no right of election against the will because the testamentary provisions in his favor exceeded his intestate share, even though the operation of section 26 of the Decedent Estate Law reduced such testamentary provision to less than such share. The niece further questioned the validity of the service of the notice of election.

The parties did not put in issue before the Surrogate the question as to whether or not the after-born child should contribute proportionately to make up the deficit occasioned by the operation of section 26 of the Decedent Estate Law.

Surrogate HENDERSON held that the surviving spouse had a right of election and was entitled to receive the one third minimum provided by statute. He also dismissed the objections to the service of the notice of election.

The decree entered was subsequently unanimously affirmed without opinion, on June 22, 1949, by the Appellate Division, First Department (275 App. Div. 915).

An examination of the bill of exceptions and the briefs on appeal clearly demonstrate that the sole issue presented was

the contention made by the appellant that no right of election existed (see fol. 4, Bill of Exceptions). The parties also stipulated (fols. 41, 42) that the sole question of law to be considered on appeal was: " * * * whether the surviving spouse * * * may file a notice of election by reason of the fact that his afterborn child * * * has decreased his interest under the will of the decedent * * * below his intestate share." They further stipulated that there was no evidence in the record below as to the value of the bequests in favor of the surviving spouse or as to the value of his intestate share. No issue was presented in *Matter of Wurmbrand (supra)* as to the source from which the deficit in the share of the surviving spouse was to be taken.

It is therefore apparent that not only is there no conflict between the result here reached and the decision in *Matter of Wurmbrand (supra)*, but that there is complete accord as to the right of the surviving spouse to take against the will even though the testamentary provisions for such surviving spouse exceed the minimum to which he or she may be entitled under section 18 of the Decedent Estate Law.

The court believes that the following procedure is indicated and should be applied in problems similar to those here presented.

First: The after-born child's share shall be first deducted pro rata from each devise or legacy, since under section 26 of the Decedent Estate Law the will does not operate to deprive such child, as of testator's death, of the share he or she would have received if the parent had died intestate.

Second: If, after the child's proportionate share has been deducted, the devise or bequest to the spouse *has not been reduced below his or her minimum share,* as in intestacy, the spouse retains the remainder of his or her devise and/or bequest.

Third: If, after such contribution to the child has been made, the devise or bequest to the spouse is *reduced below the elective share* to which he or she is entitled, the spouse retains the residue, if any, and then takes the portion of the estate required to make up his or her elective share out of the remaining assets of the estate, pro rata, including the child's intestate share and the shares of the other devisees and legatees.

Fourth: If no provision is made for the surviving spouse, the child's share will first be deducted pro rata from each devise or legacy, and then the spouse's share will be deducted pro rata from the other devises and legacies, and the child's intestate share.

It appears from Schedule H of the account that the testator died seized of real property in the State of New Jersey. The devolution of such property is governed by the laws of that State and the court makes no determination of the rights and interests of the parties therein. As to real property in this State and the personal assets of testator the court fixed the interests of the parties therein as follows: One third to the widow, eight fifteenths to the after-born child and the remaining two fifteenths in equal shares to testator's two brothers, sister and nephew named in the will.

Submit decree, on notice, accordingly.