HENRY A. SHELDON, administrator, *vs.* ITHAMAR H. SMITH.

In a writ of entry brought by an executor to foreclose a mortgage belonging to the estate
of his testator, averment of the representative capacity of the demandant is not essential
to maintain the action, and his description of himself in the writ as "administrator"
instead of "executor" is not available as a defence in bar.

WRIT OF ENTRY brought by a demandant describing himself
therein as "administrator of the goods and estate" of Elijah S.
Deming, "deceased, intestate," to foreclose a mortgage given by
the defendant to Deming.   The tenant pleaded *nul disseisin*,
and specified in defence that the demandant was not adminis-
trator as described.

At the trial in the superior court, the demandant produced
the record of the court of probate by which it appeared that he
was duly appointed executor of the will of said Deming, de-
ceased; and he offered the mortgage deed in evidence.   The
tenant objected to its introduction, claiming that under the
pleadings the demandant had shown no right to bring or main-
tain this action.   But *Brigham*, J. overruled his objections; a
verdict was had for the demandant; and the tenant alleged
exceptions.

*B. Palmer*, for the tenant.

*I. Sumner*, for the demandant.

HOAR, J.   The demandant brings a writ of entry to foreclose a
mortgage, describing himself as administrator of the mortgagee.
The tenant, under the plea of *nul disseisin*, specifies as a de-
fence that the demandant was not administrator.   At the trial

it appeared that the demandant was not administrator, but executor; and the question presented by the bill of exceptions is whether this variance is fatal.

It is apparent that the right of an executor and administrator to maintain an action to foreclose a mortgage, is the same under our statutes. Each sues as the personal representative of the deceased mortgagee, and the land, when recovered, is assets of the estate he represents. In a writ of entry, it is provided by statute that the demandant shall declare on his own seisin, and shall not be required to prove an actual entry under his title; but if he proves that he is entitled to such an estate as he claims in the premises, whether as heir, devisee, purchaser, or otherwise, and also that he has a right of entry therein, this shall be deemed sufficient proof of his seisin as alleged in the declaration. Gen. Sts. *c.* 134, §§ 2, 3. When the suit is to foreclose a mortgage, the seisin must be alleged to be " in mortgage; " but the mortgagee may declare on his own seisin, as in other cases. Gen. Sts. *c.* 140, § 3. If a mortgagee or assignee of a mortgage dies without having obtained possession of the mortgaged premises, his executor or administrator may take possession thereof, by open and peaceable entry or by action, in like manner as the deceased might have done if living. Gen. Sts. *c.* 96, § 9. From those provisions it would seem that the averment of the representative capacity in which the suit is brought is not essential to maintain it, and that the description of the demandant as administrator is only *descriptio personæ*, not available as a defence in bar.

But it is doubtful whether there is any substantial misdescription. An executor is, in one sense, an administrator, and in the only sense material to the prosecution of this suit. He gives bond to " administer according to law, and the will of the testator." In *Cook* v. *Griffin*, reported in 1 Dane Ab. 581, it was held that the deed of one who sells as " executor " is good, although the power from the court was to him as "administrator." In *Cooper* v. *Robinson*, 2 Cush. 184, an executrix, under a license to sell real estate, sold as administratrix, and the sale was held good. The court in that case say, " But we are of opinion that

this is not such a misnomer or misdescription of the capacity in which the executrix acted as to invalidate the sale. By law she was bound to administer the testator's estate, and to render a true account of her administration, and might therefore be described as administratrix, as well as executrix, although the latter would be the more appropriate description." In *Langdon* v. *Potter*, 11 Mass. 313, in which it was held that the objection that the plaintiffs had not taken administration in this commonwealth might be taken by a plea in bar to their writ of entry to foreclose a mortgage, no question was made as to any distinction between letters testamentary and letters of administration. The plaintiffs had no representative capacity which entitled them to sue.                                    *Exceptions overruled.*