LEAVITT FINNEY *vs.* ELLIS BARNES & another, executors.

An executor's notice, under Gen. Sts. c. 97, § 1, is not void because signed by him as "administrator," under the caption "administrator's notice," and he describes himself therein as "duly appointed administrator," and it does not otherwise appear thereby that he was executor.

CONTRACT for money had and received by Ellis Barnes, the defendants' testator, to the plaintiff's use.  The defendants pleaded in bar the special statute of limitations of actions against executors and administrators.

At the trial in this court it appeared that the defendants were duly appointed executors under the will of Ellis Barnes, deceased, and were required by the probate court to give notice thereof by publishing in the newspaper called The Plymouth Rock, printed at Plymouth; and that more than two years prior to the commencement of this action they published in that newspaper a notice as follows:

" Administrators' Notice.  " Notice is hereby given, that the subscribers have been duly appointed Administrators of the Estate of Ellis Barnes, late of Plymouth, in the County of Plymouth, deceased, and have taken upon themselves that trust, by giving bond, as the law directs.  All persons having demands upon the estate of said Ellis Barnes, are hereby required to exhibit the same; and all persons indebted to said estate are called upon to make payment to

" Plymouth,                    " Ellis Barnes,      ⎱ Administrators."
    " January 20, 1862.      " John C. Barnes. ⎰

The question of the sufficiency of this notice under Gen. Sts

*c.* 97, §§ 1, 5, was reserved by *Gray*, J., for determination by the full court.

*E. Ames*, for the plaintiff.

*C. G. Davis*, for the defendants.

BY THE COURT. The statute of limitations is a bar to the suit. The notice of the defendants' appointment to administer the estate of the deceased was sufficient, although it called them administrators and they were executors. *Sheldon* v. *Smith, ante*, 34. *Judgment for the defendants.*