(78 Hun, 537.)

## LUCE v. BURCHARD et al.

(Supreme Court, General Term, Fifth Department.　June 20, 1894.)

LIFE ESTATE—PRESENT VALUE—RIGHT OF LIFE TENANT.

　　One who is entitled to the use of a fund for life cannot be compelled to take a gross sum in lieu thereof, but may elect to do so.

Appeal from Monroe county court.

Action by George W. Luce, as administrator, against Oscar A. Burchard and others, to foreclose a mortgage.　From a final order directing the distribution of surplus moneys arising on the foreclosure sale, defendant Sarah J. Decker and the infant defendant, Jane A. Burchard, appeal.　Modified.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

E. B. Fenner, for appellants.

H. B. Hallock, for respondent P. J. Costello.

Howard H. Widener, for respondent Mary A. Burchard.

LEWIS, J.　This is a controversy over surplus moneys arising from the sale under foreclosure of a mortgage.　Carrie J. Decker Burchard was the wife of the defendant Oscar A. Burchard, and died at the city of Rochester, leaving a last will and testament, which was made and executed in the year 1885, after her marriage, and prior to the birth of her only heir at law, Jane A. Burchard, one of the appellants.　It is provided by the will:

　　"First. After all my lawful debts are paid and discharged, I give and devise my house and lot, situate upon Champlain street, in the city of Rochester, Monroe county, N. Y., to my mother, Sarah Jane Decker, to use, occupy, and enjoy the same for and during the term of her natural life.　Secondly. I hereby give and devise to my husband, Oscar A. Burchard, my said house and lot upon the termination of such life estate, in case he shall survive my said mother; but, if my said mother shall survive him, I give and devise the said house and lot to her and her heirs, absolutely.　The foregoing devise of my said house is upon the express condition that he shall furnish to my said mother during her life such reasonable support, maintenance, and care as she may require."

She appointed her husband executor of the will.　No mention was made in her will of the child about to be born to the testatrix. After making the will, and on the 14th day of February, 1885, the testatrix gave birth to the appellant, Jane A. Burchard, and died, leaving, her surviving, such issue.　The will was duly admitted to probate, and thereafter, upon a sale on the foreclosure of a mortgage, which was a lien upon the property at the time of the making of the will, there arose a surplus of $504.22, and proceedings were instituted to determine the priority of claims to said surplus.　The respondents, who were judgment creditors of the husband of the testatrix, made claim to a portion of the fund under their judgments; and the proceeding was duly referred, and the referee, after hearing the proofs, reported, among other facts, that the husband

of the testatrix had, although often requested, failed and neglected to furnish any support, maintenance, and care for the mother or child of the testatrix, and that he had totally abandoned them; and he reported, as his conclusion of law, that the husband had forfeited all claim as tenant by the curtesy, because of his neglect to provide for the mother, as was provided by the will; that Sarah J. Decker, after the payment of the expenses of the proceeding, would be entitled to the interest on said sum during the period of her natural life, unless she should survive the death of the husband, Oscar A. Burchard; that, if Oscar A. Burchard should die before the death of Sarah J. Decker, the fund would belong to Jane A. Burchard.    Upon motion to the county court of Monroe county for a confirmation of the referee's report, it was confirmed, but with the following modification:    It was adjudged that the defendant Oscar A. Burchard was entitled as tenant by the curtesy to the use and income of said fund after the death of the life tenant, Sarah J. Decker; that the husband's interest was suspended during the life of the mother; that the judgment creditors of the husband were entitled to an immediate appropriation of his present interest in the fund, which, computed according to the life tables, was adjudged to be, after deducting costs and disbursements, $103.56, and that the respondent Costello was entitled to have applied therefrom, in payment of his judgment, the sum of $91.48, and that the judgment creditor, Mary A. Burchard, was entitled to $12.08, to be applied upon her judgment; that there should be paid to the appellant Sarah J. Decker, for her life estate in said fund, the sum of $194.79; and that the balance, amounting to $165.87, be paid to the appellant Sarah J. Decker, as general guardian for the infant.    These amounts, with the expenses of the proceedings and the fees of the county treasurer, comprised the amount of the fund.

The statute provides that when a testator shall have a child born after the making of a will, and shall die leaving the child unprovided for by any settlement, and not mentioned in the will, every such child shall succeed to the same portion he would have taken in a case of intestacy of the parent.    3 Rev. St. (Birdseye's Ed.) p. 3344, § 17.    In all respects, except the failure to provide for the child, the will is valid.    Smith v. Robertson, 89 N. Y. 555.    We are inclined to agree with the conclusion of the county court that, by the terms of the will, Mrs. Decker is entitled to a life estate in the surplus moneys, and that the husband is entitled to the use of the fund as tenant by the curtesy, subject to the life estate of Mrs. Decker. But we are not aware of any rule of law or of court by which Mrs. Decker can be compelled to take a gross sum in lieu of the use of the fund during her life.    The Code of Civil Procedure permits a widow, in partition actions, to elect to take a gross sum in satisfaction of her dower right, but such election is optional with her. It is provided by rule 71 of the general rules of practice that, where a tenant for life, by curtesy or in dower, is entitled to the annual interest or income of a sum paid into court or invested in permanent securities, he may consent to accept a gross sum in lieu of such an-

nual interest or income for life. The interest shall be estimated according to the then value of the annuity according to the tables. The tenant is not entitled as of right to such election under this rule. In re Zahrt, 94 N. Y. 605. The consent is optional.

The testatrix, by her will, contemplated that the fund should be kept intact, and the mother be entitled to its use during her life. By the judgment of the county court, she is deprived of this, the fund is to be at once divided, and the creditors of the husband are permitted to appropriate to the payment of their judgments the present value of the husband's interest as tenant by the curtesy. The fund, we think, must be kept together, if Mrs. Decker so desires, during her lifetime. In case the husband survives the mother, his right to the use of the fund will then attach, and his creditors may then be entitled to apply the income therefrom, as it shall accrue, to the liquidation of their claims; the principal sum, however, to remain undisturbed, to be delivered to the child upon the death of its father, if he shall survive Mrs. Decker, or, if not, upon the death of Mrs. Decker. The judgment of the county court should be modified in the manner indicated, and, as so modified, affirmed. All concur.