In the Matter of the Petition of EDMUND E. MURPHY, as Executor, etc.

The will of S. contained a clause by the terms of which his residuary estate, which consisted of personal property, was given to his executors "upon the following trusts;" then there followed three subdivisions creating trusts for certain beneficiaries named. By a fourth subdivision the executors were directed, "after providing for the above bequests," to divide the residue equally between the testator's wife and children, "the principal of each child, however, not to be paid until they respectively arrive at the age of thirty." E., one of the children, died, leaving her husband and one child her surviving, and leaving a will which was executed before the birth of the child. By the will she gave all of her property to her husband and appointed him sole executor. In proceedings instituted by the husband to compel the payment to him of the legacy to his testatrix, *held*, that no trust was created as to the residue specified in the fourth subdivision of the said clause; but that it vested in the widow and children with a postponement of payment as to the children until each should reach the age of thirty years, which postponement was for the benefit of the children, not of

the estate; and so, that on the death of E. her share passed immediately to her next of kin and to the legatee under her will; that while under the provision of the Revised Statutes (2 R. S. 65, § 49, as amended by chap. 22, Laws of 1869), providing that where a testator shall leave a child born after the making of the will and shall die leaving such child unprovided for, the child shall succeed to the same portion of the testator's estate as it would have been entitled to had the parent died intestate, such after-born child of E. was entitled to two-thirds of the mother's personal estate, yet said estate was subject to administration, and while the after-birth rendered her will inoperative as to that portion of the estate, in other respects it remained valid; and so, that letters testamentary were properly issued to the husband, and as executor he had the right to administer, and for that purpose to receive, the fund in question.

(Argued January 28, 1895; decided February 5, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 14, 1894, which affirmed a decree of the Surrogate's Court for the county of New York, directing the payment to the petitioner, as executor of Elsie S. Murphy, deceased, of a legacy given by the last will and testament of Edmund A. Smith, deceased.

The facts, so far as material, are stated in the opinion.

*Treadwell Cleveland* for appellant. In view of the rights of the after-born child, the executor of the estate of Elsie S. Murphy, one of the deceased children of the said Edmund A. Smith, deceased, and the petitioner on this application, may receive the entire share of said Elsie S. Murphy for purposes of administration. (*In re Bunce,* 6 Dem. 278; *In re Huill,* Id. 352; *Frye* v. *Smith,* 10 Abb. [N. C.] 224, 233; *Robbins* v. *McClure,* 100 N. Y. 338, 340; *Lefevre* v. *Lefevre,* 59 id. 434; *Levy* v. *Wolcott,* 95 id. 212; 2 R. S. 65, § 49; *Smith* v. *Robertson,* 89 N. Y. 555; *Sanford* v. *Sanford,* 4 Hun, 753.)

*Frank D. Sturges* for respondent. The appeal should be dismissed. (*Bryant* v. *Thompson,* 128 N. Y. 426; Code Civ. Pro. § 1294.) The proceeding was properly brought, and all the facts are shown necessary to entitle the petitioner to the relief asked. (Code Civ. Pro. §§ 2804, 2805; *In re Beek-*

*man*, 3 Dem. 221; *Gilman* v. *Gilman*, 63 N. Y. 41.) The legacy to petitioner's testatrix, by the will of her father, was a vested estate, and upon her death became immediately payable. (*Everett* v. *Everett*, 29 N. Y. 40; *Warner* v. *Durant*, 76 id. 133; *Stevenson* v. *Lesley*, 70 id. 513; *Goebel* v. *Wolf*, 113 id. 405; *Bowditch* v. *Ayrault*, 138 id. 222.) The share of petitioner's testatrix in her father's estate became immediately payable to her legal representative, the petitioner, as her executor, to be disposed of as her will or the law provided. (*In re Black*, 1 Tucker, 145, 147; *Bowditch* v. *Ayrault*, 138 N. Y. 222, 229; *In re Dunscomb*, 10 N. Y. Supp. 247; *In re McCauley*, 27 Hun, 577; *Edwards* v. *Edwards*, 1 Dem. 132; *Merritt* v. *Jackson*, 2 id. 214; *Lafferty* v. *Lafferty*, 5 Redf. 326; *Van Allen* v. *Hewins*, 5 Hun, 44; *In re Fortune*, 14 Abb. [N. C.] 415.) The trustee's contention, that the will of the petitioner's testatrix is void by reason of the birth of her child after its execution, and that, therefore, the petitioner has no rights as her executor, is without merit. (*In re Smith*, 68 Hun, 530.) The will of Elsie. S. Murphy, by which the petitioner was appointed executor of her estate, is not void. (*Smith* v. *Robertson*, 89 N. Y. 55; *Luce* v. *Burchard*, 78 Hun, 537; *Fry* v. *Smith*, 10 Abb. [N. C.] 224, 233; *Robbins* v. *McClure*, 100 N. Y. 328, 340; 2 R. S. 65, § 49; Laws of 1869, chap. 22; *Sandford* v. *Sandford*, 61 Barb. 290; *Lefevre* v. *Lefevre*, 59 N. Y. 434; *Leavitt* v. *Walcott*, 95 id. 212.) The will of petitioner's testatrix having been duly probated, and letters testamentary issued by a court of competent jurisdiction, their validity cannot be assailed collaterally. (*In re Harvey*, 3 Redf. 214, 216; *In re Hawley*, 100 N. Y. 206.)

HAIGHT, J.    The order appealed from directs the trustee to pay to the petitioner the legacy belonging to his testatrix, under the will of Edmund A. Smith, deceased, or that she pay over to him the sum of $100,000, on account of the principal of such legacy, or deliver to him securities equivalent to that sum.

Edmund A. Smith died on the 24th day of February, 1876,

leaving a last will and testament which has been duly admitted to probate by the Surrogate's Court of the county of New York, in which, among other things, by the fifth clause thereof it is provided: "I give and bequeath in trust to my executors, hereinafter named, all the rest, residue and remainder of my estate upon the following trusts, to wit." Then follow subdivisions of the clause in which trust estates are created for different persons, naming them. By the fourth subdivision he provides: "I direct my executors, after providing for the above bequests, to divide all the rest, residue and remainder of my estate equally between my said wife and children, share and share alike, the principal of each child, however, not to be paid until they respectively arrive at the age of thirty years, the interest arising therefrom to accumulate during their minority, and, on their attaining the age of twenty-one years, the interest arising therefrom, that is, from said principal and accumulation, to be paid to said children until they respectively arrive at the age of thirty years."

Elsie S. Smith was the daughter of the testator, and, as such, became entitled to one-fifth of the residuary estate as above provided for. On October 28th, 1891, she married Edmund E. Murphy, the petitioner, and thereafter died, September 27th, 1892, at the age of twenty-two years, leaving the petitioner, her husband, and an infant daughter, Elsie J. Murphy, her surviving. She also left a last will and testament, in which she devised and bequeathed all of her property to her husband, appointing him sole executor of her estate. Her will was dated October 28th, 1891, and contained no provision for any child or children that should thereafter be born to her. Her daughter was born September 4th, 1892.

The residuary estate, under the will of Edmund A. Smith, deceased, bequeathed to his children, amounts, in personal property, to about the sum of $700,000.

While certain trusts were created by the fifth clause of the will, we are of the opinion that no trust was created as to the residue and remainder specified in the fourth subdivision

thereof, and that the amount thereof vested in the widow and children of the testator with a postponement of the payment, as to the children, until they should arrive at the age of thirty years. It is also quite apparent that this provision of the will was intended solely for the benefit of the testator's children, and that the postponement of the payment was intended for their benefit and not for the estate. It consequently follows that, upon the death of the daughter Elsie S., the share belonging to her immediately passed to her next of kin, or her legatees under her last will and testament. So far there appears to be no controversy as to the rights of the parties.

It is contended, however, that two-thirds of the estate of Mrs. Murphy passed to her infant daughter Elsie J., and was not subject to administration. But we are unable to adopt this view. The statute provides that: "Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will." (2 R. S. 65, sec. 49, as amended, Laws 1869, chap. 22.) Elsie J. was an after-born child, and, under the provisions of this statute, became entitled to two-thirds of the personal estate left by her deceased mother. The personal estate, however, left by her mother was subject to administration. Her debts had to first be paid, and only that which remained would pass to her next of kin under the statute; so that Elsie J. would take only two-thirds of that which remained after discharging the obligations resting upon her mother's estate. The birth of Elsie J., after the making of the will, does not operate to revoke it. It merely renders it inoperative as to that portion of the estate which, if her mother

had died intestate, would have been distributed to her as the next of kin. In other respects the will remains valid. By it the petitioner becomes the sole executor, and is entitled to the other third of the testatrix's personal estate. (*Smith* v. *Robertson*, 89 N. Y. 555–558; *Luce* v. *Burchard*, 78 Hun, 537; *In the Matter of Gall*, 5 Demarest, 374.) The other clauses not being affected, it follows that letters testamentary were properly issued to the petitioner, and that as such executor he has the right to administer the personal estate. Although in name there is a difference between executor and administrator yet, in fact and in law, they are really the same, for each has control over the personal estate and the distribution thereof. (*Robins* v. *McClure*, 100 N. Y. 328–340.) If the estate had been real, instead of personal, it would have descended directly to Elsie J., as heir at law, but being personal it passed to the personal representatives of the deceased for administration, and then for distribution under the statute and the will, so far as it remains in force.

It has been intimated that in no event should this fund be paid over to the petitioner, without requiring him to give bonds to account therefor to the infant; but, so far as this question is concerned, it rests upon the sound discretion of the courts below. It does not appear from the record before us that the petitioner is insolvent, or that he is in other respects an improper person to have the care and custody of this fund. True, it is a large sum, and the courts having the charge thereof should proceed with the utmost caution; and should it be made to appear that the petitioner is insolvent, or in other respects an improper person to have the care or management of this fund, the Surrogate's Court might still, in the exercise of the discretion vested in it, impose, as a condition for granting the order, that proper security be given.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.