(18 App. Div. 371.)

### In re JOHNSON.

(Supreme Court, Appellate Division, Second Department. June 22, 1897.)

ADMINISTRATOR OF ESTATE—SALE OF DECEDENT'S LAND.
    The will of J. directed the payment of his debts as soon as practicable after his decease, gave the residue of his property to his wife, and gave to his executor a power of sale "for any purpose that he, in his best judgment, may think proper," the proceeds of any sale to be applied in conformity to the provisions of the will. *Held*, that the power of sale was not imperative,

and accordingly, as its execution could not be enforced, that proceedings under Code Civ. Proc. § 2759, subd. 4, could be maintained by a creditor for the sale of the decedent's real estate for the payment of his debts.

Appeal from surrogate's court, Kings county.

In the matter of the application of Remsen Johnson, a creditor of the estate of Jeremiah B. Johnson, deceased, for direction to mortgage, lease, or sell the realty of decedent to pay debts. From an order granting the application, the heirs of the testator appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George D. Beattys, for appellants.
Alfred S. Brown, for respondent.

BRADLEY, J. The question upon which the disposition of this matter depends is whether or not the will of the decedent contains an imperative power of sale. By his will, of date November 10, 1888, he directed that his debts and funeral expenses be paid out of his estate by the executor as soon as practicable after his decease. He gave the residue of his estate, real and personal, to his wife. He then added the clause:

"Lastly, I hereby authorize and empower my said executor, for any purpose that he in his best judgment may think proper, to grant, bargain, sell, and convey all or any part of any of all lands and real estate owned by me, or to which I may be entitled, or in which I may have any interest at the time of my decease, and to apply the proceeds of such sales in conformity to the provisions of this, my last will and testament."

He died in July, 1895. His will was admitted to probate, and letters testamentary were issued to the executor. As it does not appear what his debts were at the time the will was made, or what the condition of his estate then was, the question presented is dependent solely upon the purpose of the testator, as represented by the provisions of his will. He imposed upon the executor the duty to pay his debts, without making them a charge upon his real estate. He also gave him a power of sale of the real property, with direction to apply the proceeds in such manner as the execution of the other provisions of the will required. Included in those provisions is the direction to pay his debts, for the payment of which, it seems, he left insufficient personal estate. In fact, it appears that he left but very little personal estate. This was a general power, within the meaning of the statute (1 Rev. St. p. 732, § 77), and was in trust. Such a power, "unless its execution or nonexecution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled in equity, for the benefit of the parties interested." Id. p. 734, § 96. Ordinarily, such will be deemed the nature of a power of sale in a will when the execution of directions contained in its other provisions requires the application of the proceeds of the sale of the real property to such purposes. In re Gantert, 136 N. Y. 106, 32 N. E. 551. There would be no difficulty in giving such effect to the power of sale in the will under consideration if the words "for any purpose that he, in his best judgment, may think proper," had been omitted. They indicate that the tes-

tator left it to the executor to determine whether the power should be exercised for any and what purpose, and that, if he thought proper to exercise it, then he should apply the proceeds of the sale "in conformity to the provisions" of the will.    It seems to be the apparent purpose of the testator to leave the performance of the power to the judgment of the executor.    The power is thus expressly rendered in its nature discretionary, and as, for that reason, the execution of it cannot be compelled in equity for the benefit of the creditors of the decedent, the proceeding under the statute was properly instituted in the matter by the creditor.    Code Civ. Proc. § 2759, subd. 4.    The fact that the infant children of the decedent born after the making of the will cannot, by its provisions, be prejudiced so far as relates to the shares to which they would otherwise, as his heirs and next of kin, be entitled in the estate (2 Rev. St. p. 65, § 49), has no bearing upon any question arising upon this review (In re Murphy, 144 N. Y. 557, 39 N. E. 691).

The order appealed from should be affirmed.    All concur.