---

(87 Misc. Rep. 83)

### In re CAMPBELL'S WILL.

#### (Surrogate's Court, Bronx County. September, 1914.)

1. DESCENT AND DISTRIBUTION (§ 47*)—INFANT BORN SUBSEQUENT TO EXECUTION OF WILL—RIGHTS.

Under the express provisions of Decedent Estate Law (Consol. Laws, c. 13) § 26, a child born to testator after the making of his will, who survived him and was not mentioned therein, took the same share of testator's estate, subject to the same deductions, as though testator had died intestate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 126–130; Dec. Dig. § 47.*]

2. WILLS (§ 672*)—CONSTRUCTION—CREATION OF TRUST.

A will bequeathing to testator's wife all his "real and personal property of any kind whatsoever, the same to be used by her for the benefit of our two children," showed an intention to create a trust, of which his wife should be trustee and their children the cestuis que trustent, though the words "trust" or "trustee" were not used.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1579–1581; Dec. Dig. § 672.*]

3. TRUSTS (§ 131*)—"PASSIVE NAKED TRUST"—VALIDITY.

A testamentary trust, created merely that the trustee might hold and use the property for the benefit of testator's children, without discretion or power of disposition being vested in her, or any term for operation of the trust being fixed, not being created for any of the purposes specified in Real Property Law (Consol. Laws, c. 50) § 96, as authorizing the creation of an express trust, was a "passive naked trust," void under sections 91, 93.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 175, 175½; Dec. Dig. § 131.*]

Proceedings on the probate of the will of John H. Campbell, deceased. Decreed according to opinion.

Gilbert Ray Hawes, of New York City, for proponent.

Maurice J. Dix, of New York City, special guardian, for infant parties.

SCHULZ, S. The testator left him surviving his wife and three minor children, one of the latter born after the making of the will now under consideration. The special guardian appointed to protect the rights of these minors did not oppose the probate of the instrument, but filed a petition requesting a construction of the will at this time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(Code Civ. Proc. § 2624, before recent amendment of Code Civ. Proc. c. 18), and urging a construction to the effect that Craig-A-Lea Campbell, the child which was not named in the will and which he alleges was born after the making thereof, and the two children named in the will, are seised in fee simple of the real property of the testator and are possessed share and share alike of his personal property, and that the interest of the widow is a life estate in the real property of the decedent, which he explains amounts to her dower therein. The widow of the decedent, who was the petitioner in the proceeding, raised no issue of fact as to any of the allegations in the petition of the special guardian, and upon the argument through her counsel joined in the request for a construction and favors the construction urged by the special guardian. All of the parties interested, therefore, are before the court and in accord.

[1] The will is written in longhand upon what seems to be one-half of a sheet of letter paper, has no attestation clause attached, and appears to be a holograph. At all events it is evident that, even if allographic, it was not drawn by an attorney, for it lacks all of the evidences of care as to the formalities of execution and as to the phraseology which usually characterizes a will prepared by one trained in the law and familiar with its forms and terms of expression. This is a fact to be considered in construing the document in question with a view to arriving at the intention of the testator. The entire will is as follows:

"Baychestr *July* 24 1899.

"Last Will and Testament of J H Campbell.

"In the event of my death I Will and Bequeath to my dear Wifie & Companion Henrietta Braun, all my real and personal property of any kind whatsoever—the same to be held and used by her for the benefit of our two Children Jessie and Marion.         J H Campbell.

"Witnesses:
      "William Adamson.
      "Alex. Adamson."

Section 26 of the Decedent Estate Law (Laws of 1909, c. 18, constituting Consol. Laws, c. 13), in so far as material, provides as follows:

"Whenever a testator shall have a child born after the making of a last will, * * * and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate. * * * *"

The child Craig-A-Lea was born after the making of the will, she survived her father, the will contains no provision for her, nor is she in any way mentioned therein. It follows that her rights are determined by the statute. As to such child the testator died intestate, and she takes the same share of the realty and personalty as she would have taken if the father had died without making a will. The will is effective and operates only on so much as then remains; the share of said after-born child being subject to the same charges, deductions and rights of others as its share would have been chargeable with in case of intestacy on the part of the parent. Mitchell v. Blain, 5 Paige,

588; Smith v. Robertson, 89 N. Y. 555, 556; Herriot v. Prime, 155 N. Y. 5, 49 N. E. 142.

If the testator had died intestate, there would have descended to this child one-third of the real estate, subject to the widow's right of dower therein (Decedent Estate Law, § 81; Real Prop. Law, § 190; Laws 1909, c. 52, constituting Consol. Laws, c. 50), and there would have been distributed to her one-third of two-thirds of his personalty (Decedent Estate Law, § 98), both subject to the possible deductions hereinafter.adverted to; hence such is the extent of her interest under the circumstances here present.

I consider now .the extent of the interests of the various parties in that part of the property which passes under the will, and this depends upon the construction of that instrument and a consideration of the effect and validity of the attempted disposition of the testator's property thereby. Two questions are presented: Did the testator intend to create a trust? If so, is the intended trust one which the law of this state sanctions?

[2] A careful reading of the will with a view to ascertaining the intent of the testator, and it is this intent which the court must of course search out, leads me to the conclusion that the decedent intended to create a trust. His bequest and devise to his wife are not absolute because he modifies them by stating the purposes for which his property, real and personal, is to be held and used by her. It is true that the testator did not use the word "trust" in limiting or defining the extent of the devise and bequest, nor did he use the word "trustee" in referring to his wife and to the duties that she was to perform; but the purpose for which the bequest and devise was made is one that would require a trustee to carry it out, and, considering the informality of the drafting of the will and that it was written by some one not familiar with legal terms, I think a reasonable conclusion is that the decedent intended to create a trust, that he intended that the trustee should be his wife, Henrietta Braun Campbell, and that the cestuis que trustent should be Jessie and Marion, his children. The law is well settled that no particular form of words is necessary to create a trust. Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Sicker v. Sicker, 23 Misc. Rep. 737, 53 N. Y. Supp. 106; Woodward v. James, 115 N. Y. 346, 22 N. E. 150.

[3] Such being my conclusion, the final inquiry arises: Was this intended trust one sanctioned by our laws? If it is not so sanctioned, if he could not legally create the trust that he attempted to create, what are the results? The purposes for which express trusts affecting real estate may be created are fully set forth in section 96 of the Real Property Law, supra, and need no repetition here. Suffice it to say that the intended trust was not for any of the purposes for which an express trust may be created. The trustee of the intended trust was simply to hold and use the property for the benefit of the two children named. No discretion was given her; no power of disposition was given her and no term for its operation fixed; in my opinion, it was a passive naked trust, which under our law is no trust at all. The trustee took no title to the real estate upon which the will operated, and such title vested at once in the two children, Jessie and Marion,

subject to the rights and possible deductions hereinafter referred to. Real Prop. Law, §§ 91, 93; Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676; Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Verdin v. Slocum, 71 N. Y. 345; Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2; Rawson v. Lampman, 5 N. Y. 456; Fisher v. Hall, 41 N. Y. 416; Woodgate v. Fleet, 64 N. Y. 566; Gueutal v. Gueutal, 113 App. Div. 310, 98 N. Y. Supp. 1002.

If it were possible to give validity to this intended trust, as a power, it would be the duty of the court to do so. (Real Prop. Law, § 99; Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805), but in my opinion the intended trust cannot be sustained as a power.

So far as the personal property of the testator upon which the will is operative is concerned, the same rule applies. Matter of De Rycke, 99 App. Div. 596, 91 N. Y. Supp. 159; Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236.

If I am right in the conclusions which I have reached, it follows that the three children, Jessie, Marion, and Craig-A-Lea, are entitled to receive the personal property of the decedent remaining after the payment of funeral expenses, debts, and administration expenses and the setting apart of possible widow's exemptions in the following shares: The child Craig-A-Lea, two-ninths thereof, and the remaining children, Jessie and Marion, the balance then remaining, share and share alike—and that the said three children are seised as tenants in common in fee simple of the real estate of the testator each of an equal one-third part thereof, subject to the right of dower of their mother, Henrietta Braun Campbell, and possibly subject to the payment of the decedent's debts, if the personalty be not sufficient for that purpose.

The will is accordingly admitted to probate and construed as indicated herein. Submit decree on two days' notice.

Decreed accordingly.