[L. A. No. 7541.—In Bank.—June 22, 1926.]

## WILLIAM H. WALLACE et al., as Executors, etc., Appellants, v. W. E. PRIVETT, Respondent.

[1] GUARANTY — PURCHASE OF STOCK — GUARANTY INURING ONLY TO BENEFIT OF PURCHASER, "HER HEIRS AND ADMINISTRATORS" — DEATH OF PURCHASER — PARTIES. — A provision in a written guaranty against loss on a purchase of corporate stock that "this guarantee shall inure only to the benefit of" the purchaser, "her heirs and administrators," permits the prosecution of an action on such guaranty, after the death of said purchaser, for the benefit of legatees under the purchaser's will, although they are not her legal heirs.

[2] ID.—PARTIES—EXECUTORS AND ADMINISTRATORS.—Upon the death of such purchaser her personal representative, either the executor or administrator, as the case may be, without any mention of him being made in such contract of guaranty, would be entitled to enforce the same for the benefit of her estate.

[3] ID.—WORDS AND PHRASES—"EXECUTOR"—"ADMINISTRATOR."—The two words "executor" and "administrator" are used indiscriminately by laymen; and in an action to enforce the terms of such guaranty, the executor is an administrator in the sense that he takes the place of the deceased with respect to her rights in personal property.

---

2. See 11 Cal. Jur. 1055.
3. See 11 Cal. Jur. 210.

[4] ID.—"HEIRS."—The word "heirs" is frequently used as a designation for those who succeed to property upon the death of the owner, whether the succession is by operation of law or by virtue of a will.

(1) 23 C. J., p. 1193, n. 32.   (2) 23 C. J., p. 1193, n. 32.   (3) 23 C. J., p. 997, n. 15.   (4) 40 Cyc., p. 1461, n. 23.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Eugene C. Campbell for Appellants.

Meserve & Meserve for Respondent.

CURTIS, J.—This action comes before this court after decision by the district court of appeal, first district, division two, Presiding Justice Langdon having written the opinion. We are in accord with said opinion in many respects and we adopt and approve the following portion thereof:

"Plaintiffs have appealed from a judgment against them in an action to recover upon a contract of guaranty. The findings present the following facts: The defendant was one of the promoters and principal stockholders of a corporation known as Oceanic Engineering Corporation. During the months of April, May and June, 1916, he solicited a subscription to the capital stock of said corporation from plaintiffs' testatrix, and induced her to subscribe for 5700 shares at one dollar a share. As a consideration for said purchase, defendant guaranteed Justina P. Arnold against any loss on account of the purchase of said stock and further guaranteed that it would pay her an income of not less than eight per cent per annum. This stock was owned by Justina P. Arnold at the time of her death. At the time she subscribed for the stock, defendant agreed to deliver to Mrs. Arnold a written memorandum of his agreement of guaranty, and on June 3, 1916, in fulfillment of said promise, he delivered to her a written agreement, which he

4.  See 9 Cal. Jur. 448.

reaffirmed and renewed in writing on May 29, 1920, in words and figures as follows:

" 'Whereas, Mrs. J. P. Arnold of 229 West Anaheim street, Long Beach, California, has purchased five thousand seven hundred (5,700) shares of the capital stock of the Oceanic Engineering Corporation, at the price of one dollar per share.

" 'Now therefore, W. E. Privett, subject to the conditions hereinafter stated, guarantees to said Mrs. J. P. Arnold that said stock will pay her annually an income not less than eight per cent per annum; provided, however, that should W. E. Privett procure within one year, a purchaser ready, able and willing to buy said stock at a price of not less than two dollars per share and who tenders her said sum for said stock, the liability of said W. E. Privett upon said guarantee aforesaid shall thereupon immediately cease and terminate, whether or not said Mrs. J. P. Arnold sells said stock to said purchaser.

" 'It is further agreed that said W. E. Privett guarantees Mrs. J. P. Arnold against any loss whatsoever on account of this investment and that this guarantee shall inure only to the benefit of Mrs. J. P. Arnold, her heirs and administrators.

" 'Witness our hands and seals this 3rd day of June, 1916.

" 'W. E. PRIVETT        (Seal)

" 'MRS. J. P. ARNOLD   (Seal)

" 'The above contract of guaranty is hereby reaffirmed and renewed this 29th day of May, 1920.

" 'W. E. PRIVETT.'

"It was further found that at the time of the filing of this action said shares of stock were worthless and valueless by reason of the dissolution of the corporation; that Justina P. Arnold left a will which did not specifically bequeath the stock involved in this action, but contained a residuary clause, bequeathing all property not otherwise disposed of to certain named persons who were not her heirs at law; that her heir at law was a grandson, who was not a party to this action and not entitled, under the will, to the stock in question.

[1] "The decision in favor of the defendant was based upon the technical ground that the action was not prosecuted for the benefit of the heir or heirs at law of Justina P. Arnold, and that the contract of guaranty did not inure to the benefit of legatees of deceased. It is purely a question of the construction of the foregoing instrument and it seems to us to present little difficulty. It is to 'inure to the benefit of Mrs. J. P. Arnold, her heirs and administrators.' This would indicate that while the guaranty was not available to a transferee of Mrs. Arnold during her lifetime, it was available to one who took either by descent or purchase upon her death."

If the stock were her property at the time of her death and she had died intestate, then upon her death the title thereto passed unto her heirs subject to administration. During administration the administrator of the estate would be entitled to the possession of said stock and as he was included in the express language of the contract of guaranty he would be authorized, and it would be his duty, to institute and prosecute an action upon said contract for any breach thereof by the guarantor. The fact that Mrs. Arnold left a will, and therefore the stock went to her devisees instead of her legal heirs, we think, is immaterial. In this case her executors during administration are entitled to the possession of said stock, and their rights and duties as such executors with reference to said stock and the contract of guaranty are the same as those of an administrator, had she left no will. It is true that her executors are not mentioned in said guaranty, but it was not necessary for either the administrator or executor to be mentioned in said contract of guaranty in order to enable either to protect the rights of her estate under said contract. The guaranty by express terms inured to the benefit of Mrs. Arnold.

[2] Upon her death her personal representative, be he either the executor of her will or the administrator of her estate, whichever may be acting in the premises, and without any mention of him being made in said contract of guaranty, would be entitled to enforce the same for the benefit of her estate. Besides, as was further said by the district court of appeal in the opinion above referred to:

[3] ''The two words (executor and administrator) are used indiscriminately by laymen. As was said in *In re Murphy*, 144 N. Y. 557 [39 N. E. 691]; 'Although in name there is a difference between ''executor'' and ''administrator,'' yet in fact and in law, they are really the same, for each has control over the personal estate and the distribution thereof.' In the case of *Sheldon* v. *Smith*, 97 Mass. 34, 35, it was said: 'An executor is in one sense an administrator and in the only sense material to the prosecution of this suit.' So in the instant case, the executor is an administrator in the sense that he takes the place of the deceased with respect to her rights in personal property. As to the indiscriminate use of these two terms, see, also: *Robinson* v. *McClure*, 100 N. Y. 328, 348 [53 Am. Rep. 184, 3 N. E. 663], and *Finney* v. *Barnes*, 97 Mass. 401.

[4] ''It is also true that the word 'heirs' is frequently used as a designation for those who succeed to property upon the death of the owner, whether the succession is by operation of law or by virtue of a will. (*Hascall* v. *Cox*, 49 Mich. 435 [13 N. W. 807]; *Hoyt* v. *Hoyt*, 85 N. Y. 142, 151; *Swan* v. *Warren*, 138 Mass. 11.) ''

The judgment is reversed.

Richards, J., Shenk, J., Seawell, J., Waste, C. J., Lennon, J., and Finlayson, J., *pro tem.*, concurred.