In the Matter of the Accounting of PEARL E. SIEGEL, as Executrix of AUGUSTA WURMBRAND, Deceased.

Surrogate's Court, Bronx County, February 11, 1949.

*Morris Fish* for executrix, petitioner.

*Benedict Ginsberg* for William Feldzman, objectant.

*Morris Raitzin,* special guardian for Ellen R. Feldzman, an infant.

HENDERSON, S. The decedent's will named her husband and her niece as executors. Both qualified as executors. On July 12, 1948, the niece was removed and her letters revoked. She has filed her account which covers a period from June 14, 1947, to July 12, 1948. Objections have been filed by the surviving husband and the special guardian who represents the decedent's daughter. The will was dated July 13, 1942. The bequests and devises are made to the surviving husband and the niece. The accounting executrix asserts that the value received by each under the language of the will is approximately equal.

The infant was born in December of 1946. It is conceded that as an after-born child otherwise unprovided for, she is entitled to two thirds of her mother's estate.

The husband has filed a notice of election. The accounting party contends, A, that no right of election exists and B, the notice of election was improperly served and for that reason invalid.

A. The accountant stresses that section 26 of the Decedent Estate Law directs the method by which the intestate share of the infant shall be satisfied. She invites attention to the language " shall be entitled to recover the same portion from the devises and legatees, in proportion to and out of the parts devised and bequeathed to them by such will." As the husband and niece received approximately 50% each, she argues that this will leave to each one sixth. It is her contention that since the will gives the surviving spouse an amount greater than that required under section 18 of the Decedent Estate Law, the language of the will governs, and the fact that the share of the surviving spouse is reduced below the required minimum by the fortuitous circumstance that the statute requires payment to an after-born child is not controlling. This is an ingenious argument. There does not seem to be a reported case directly

in point. The result for which the accountant contends would obviously circumvent the intent of section 18 to grant to a surviving spouse except for the exceptions stated, the minimum amounts stated therein. When pursuant to the operation of section 26 the estate is reduced by two thirds, the operative provisions of the will give to the surviving spouse a one-sixth interest. The testatrix has, therefore, failed to make the required provision for her husband. He is entitled, therefore, to elect to take the one third provided for him by the statute.

The case of *Matter of Hardenbergh* (144 Misc. 248) is no authority for the accountant's contention that all the legatees and devisees must contribute pro rata to the after-born child. That will was made prior to 1930, and is not subject to the provisions of section 18. The court there, however, granted a preference to the widow. It ruled that four of five general legacies equal in amount abated except that of the widow.

B. The second contention is that the service of the notice of election was invalid. The surviving husband contends that the original notice was served. The accountant says that she was served with a copy. Testimony was taken and the court finds that the accountant was served with a copy.

The statute directs personal service of the notice of election and the filing and recording of a copy. Here the original was filed and recorded and the copy served. This was a substantial compliance with the statute.

In *Matter of Epstein* (176 Misc. 494, 498), the court said: " The legislation by which this statute was enacted (Laws of 1929, chap. 229, § 4) directs that its provisions shall be liberally construed to carry out the legislative intention to enlarge the property rights of a surviving spouse. (Laws of 1929, chap. 229, § 20, as amd. by Laws of 1930, chap. 174 § 13.) This mandate for liberal construction has found favor in judicial determination. (*Matter of Byrnes,* 260 N. Y. 465, 472, 474; *Matter of Martin,* 244 App. Div. 647; appeal dismissed, 268 N. Y. 665.)"

Had the service of notice of election been fatally defective, the right of election of the surviving spouse was properly asserted because no service on the accounting executor was required. The surviving husband is a coexecutor and his notice of election was filed and recorded. For him to serve himself would be an idle gesture. In the case of an executor asserting a right of election, no service of a notice is necessary. In *Matter of Clark* (166 Misc. 909), Surrogate WINGATE who was a member of the commission that recommended this legislation said (pp. 913–914): " The statute accords the elective right in varying degrees to

surviving spouses answering a specified description, in carefully enumerated situations, prescribing only that ' an election under this section   *   *   *   must be made within six months from the date of the issuance of letters testamentary ' except in indicated situations.  The purpose of this requirement is obvious and is merely to assure timely notice to those charged with the administration of the estate that the surviving spouse is dissatisfied with the terms of the will and asserts the additional right accorded by the statute, thus enabling them to be on their guard against any mode of dealing with the assets in their charge which does not take into consideration the statutory rights of the elector. The statute is significantly silent on the subject of the form of such notice, wherefore any which accomplishes this obvious purpose would seem sufficient.  Any other construction of the statute would tend to circumscribe its beneficent purpose and to condition its operation upon inconsequential technicalities wholly foreign to its intended purpose and entirely unnecessary for the attainment of the end sought by the requirement of notice.'' There was no defect in the notice of the surviving husband-executor.  Notice to one executor is sufficient to put all of them on their guard that the statutory right of election is claimed.

The objections to the surviving husband's election are overruled.  The accounting executor has no interest in the estate as a legatee or devisee.  Distribution will be made pursuant to statute two thirds to the daughter and one third to the surviving husband.

(Portion of opinion here omitted as being of subordinate importance.)