In the Matter of the Probate of the Will of JOHN G. HECKEL, Deceased.

Surrogate's Court, Erie County, June 12, 1951.

*Edna M. Drew* for Doris E. Heckel, proponent.

*Charles I. Martina,* special guardian.

BUSCAGLIA, S.   The testator herein, John G. Heckel, died on January 8, 1951, leaving a last will and testament dated March 23, 1945.   Under the terms of this will he left his entire estate to his sister, C. Marguerite Heckel and named a brother-in-law, Mr. Ernst A. Momberger, as executor.   Subsequent to the execution of the will the testator married the petitioner herein and on February 6, 1950, a son was born to them.   Ernst A. Momberger, the executor named, renounced his right to serve and the surviving widow petitioned for probate of the will.

As part of the probate proceeding petitioner asks for a construction of the will to determine the rights of the said infant, John Robert Heckel, under section 26 of the Decedent Estate Law regarding the rights of children born after the making of a will.   In the probate proceeding a citation was served on C. Marguerite Heckel.

This court is inclined to agree with those authorities who hold that upon a proceeding for the probate of the will the Surrogate has jurisdiction to construe the will and decide whether an after-born child is entitled to share in the estate, and to what extent. (*Matter of Dick,* 117 Misc. 635; *Matter of Hume,* 139 Misc. 327.)

. It should now be mentioned that the petitioner widow has filed an election to take her intestate share under section 18 of the Decedent Estate Law.

The issue presented is whether the widow shall take her intestate share of one third and the infant his two-thirds share, thereby making the will wholly inoperative; or whether the sole legatee of the will is entitled to some part of the estate. In *Matter of Vicedomini* (195 Misc. 1057) the court held that the after-born child's intestate share should 'first be deducted pro rata from all the devises and legacies and then the widow's intestate share should be deducted from the same devises and legacies and *from the child's intestate share*. This interpretation of sections 18 and 26 and the formula based upon it cannot be accepted by the court. *Section 26* says, in part, " Every such child [speaking of after-born children] shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child, if such parent had died intestate ". The other provisions of the section merely provide the manner in which the child shall receive his full intestate share.

Paragraph 1 of section 18 states that a surviving spouse shall have " a personal right of election   *   *   *   to take his or her share of the estate as in intestacy ".

From the language of these sections and the statements of numerous cases (*Matter of Sussdorff*, 182 Misc. 69; *Matter of Campbell*, 87 Misc. 83; *Matter of Bostwick*, 78 Misc. 695; *Smith v. Robertson*, 89 N. Y. 555), the court holds that the after-born child is entitled to two thirds of the estate and the widow to one third, and that the provisions of the will are wholly inoperative.

A decree may enter accordingly.