In the Matter of the Accounting of Charles Vicedomini, as Executor, and Bankers Trust Company of New York, as Administrator C. T. A. of James E. Vicedomini, Deceased, Respondents. Joseph R. Corso, Special Guardian of James E. Vicedomini, Jr., an Infant, Appellant; Dorothea Vicedomini et al., Respondents.

Second Department, December 6, 1954.

*Joseph R. Corso,* special guardian of James E. Vicedomini, Jr., an infant, appellant.

*Harry A. Gross* for Charles Vicedomini, individually and as executor of James E. Vicedomini, deceased, and others, respondents.

*J. M. Fishback* for Arthur Vicedomini, respondent.

No appearance for Dorothea Vicedomini, respondent.

MURPHY, J. James E. Vicedomini, hereinafter referred to as " the testator ", made a will on July 28, 1944, in which he bequeathed half of his estate to his wife, Dorothea, hereinafter referred to as " the widow ", and the remaining half in equal parts to his brothers Charles and Arthur, his sister Lena Valentino and his nephew Generoso Valentino, who will be collectively referred to as " the relatives ". Thereafter, and on January 28, 1946, the appellant, son of the testator, hereinafter referred to as " the afterborn ", was born. The testator died eleven days later, February 8, 1946, without making any testamentary provision or settlement for the afterborn. The will was probated.

To create the two-thirds share of the estate to which the afterborn is entitled (Decedent Estate Law, §§ 26, 83, subd. 1) from ratable contributions of the legatees (Decedent Estate Law, § 26) would entail reductions of the respective shares of the widow and the relatives from one half to one sixth. The widow therefore exercised her right of election " to take * * * her share of the estate as in intestacy " (Decedent Estate Law, § 18; cf. *Matter of Wurmbrand,* 194 Misc. 203, affd. 275 App. Div. 915), which is a one-third share (Decedent Estate Law, § 83, subd. 1).

To provide this one-third share to the widow, the learned Surrogate deducted a two-fifteenths share from the two-thirds share of the afterborn and a one-thirtieth share from the reduced one-sixth share under the will to the relatives. These deductions accounted for a one-sixth share to be added to the one-sixth share available to the widow under the will. Thus the distribution in the decree is one third to the widow, eight fifteenths to the afterborn and two fifteenths to the relatives.

In arriving at this distribution the learned Surrogate reasoned that the afterborn, in the light of the provision that he " shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will " (Decedent Estate Law, § 26),

bore the status of a statutory legatee. As such, he held, the afterborn was subject to a ratable contribution to provide the widow's share in that "the will shall be valid as to the residue remaining after the elective share [to the widow] provided in this section has been deducted and the terms of the will shall as far as possible remain effective" (Decedent Estate Law, § 18, subd. 2).

It was error thus to relegate the afterborn to the same status as that of the relatives, namely, as a legatee under the will. The will is revoked to the extent of the afterborn's intestate share (*Matter of Guilmartin,* 156 Misc. 699, 702, 703, affd. 250 App. Div. 762, affd. 277 N. Y. 689) or, at least, is inoperative *pro tanto* (*Matter of Murphy,* 144 N. Y. 557, 561, 562). The afterborn receives his share as if his father had died intestate. (*Smith* v. *Robertson,* 89 N. Y. 555; *Rockwell* v. *Geery,* 4 Hun 606, 611.) It is expressly provided that the afterborn takes his share as "if such parent had died intestate". (Decedent Estate Law, § 26.) The afterborn is not concerned with the dispositive features of the will, he takes independently and in derogation of them. Of course, to make up to him his intestate share, there should be a just and ratable contribution from the beneficiaries under the will. (Decedent Estate Law, § 26; *Mitchell* v. *Blain,* 5 Paige Ch. 588.) But the manner in which the intestate share is derived from the beneficiaries under the will is not his concern. He takes subject only to such deductions as would be valid against him had his father died intestate. (*Matter of Campbell,* 87 Misc. 83, 85.)

One third of the estate belongs to the widow and the remainder to the afterborn. There is nothing left for the relatives.

The decree insofar as appealed from should be modified on the law by striking therefrom the direction to distribute two fifteenths of the estate collectively to respondents Arthur and Charles Vicedomini and Lena and Generoso Valentino and by substituting in lieu thereof a provision directing the said two-fifteenths share be paid to the afterborn son in addition to the eight-fifteenths share provided for him therein, and the matter should be remitted for the making of an appropriate decree. As thus modified the decree should be affirmed, with costs to the appellant, payable out of the estate. The findings of fact should be affirmed.

Present — NOLAN, P. J., WENZEL, MACCRATE and SCHMIDT, JJ.

Decree of the Surrogate's Court, Kings County, insofar as appealed from, modified on the law by striking therefrom the

direction to distribute two fifteenths of the estate to respondents Arthur and Charles Vicedomini and Lena and Generoso Valentino and by substituting in lieu thereof a provision directing the said two-fifteenths share be paid to the afterborn son in addition to the eight-fifteenths share set forth therein, and matter remitted for the making of an appropriate decree. As thus modified, decree unanimously affirmed, with costs to the appellant, payable out of the estate. The findings of fact are affirmed.