Joseph A. Cox, S.
The executrix in the case at bar has brought this proceeding for the purpose of ascertaining whether a direction against apportionment contained in article First of the will is broad enough to exonerate the intestate share of an after-born child from the payment of her prorata share of estate taxes. The article in question reads as follows: “I direct the payment of my debts, my funeral expenses, and the expenses of administering my estate, as well as all estate, inheritance and succession taxes imposed upon property passing under this Will, property over which I may have a power of appointment, property held jointly by myself with others, the proceeds of insurance on my life, or other property. All these items shall be charged against the residue of my estate.”
The decedent died on October 24, 1960 leaving a last will and testament dated September 14, 1956. At the time the decedent executed his will be was affianced to one Miranda Bedfield, who is now his widow, the petitioning executrix in this proceeding. He bequeathed his entire estate to hér with the exception of bequests of $17,000 to certain individuals and charities. The decedent and his fiance were married on October 6, 1956 and a child of the marriage was born óñ August 1, 1958. No settle- *556 merit or other provision ay as made by the decedent for his child and it is conceded by the petitioner that the child is entitled to her intestate share of the estate pursuant to the provisions of section 26 of the Decedent Estate LaAV. Such intestate share under the 1959 amendment to section 83 of the Decedent Estate Loav is one half of the net estate.
The cases uniformly hold that if an after-born child has not been provided for by settlement or otherwise the will as to such child is deemed revoked and the after-born child takes his or her intestate share of the estate as though the parent had died intestate (Matter of Murphy, 144 N. Y. 557; Smith v. Robertson, 89 N. Y. 555; McCrum v. McCrum, 141 App. Div. 83; Matter of Kraston, 58 N. Y. S. 2d 364). These cases also hold that section 26 of the Decedent Estate Larv does not revoke the will in its entirety but merely serves to make it inoperative with respect to the after-born child’s intestate share of the estate (Matter of Vicedomini, 285 App. Div. 62; Matter of Guilmartin, 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689).
Except to the extent that it is necessary to abate the shares of the devisees and legatees named in the will to make up the after-born infant’s intestate share of the estate, the will remains operative and effective with respect to such devisees and legatees and Avith respect to the poAvers and directions concerning the administration of the estate (Matter of Murphy, supra; Matter of Smith, 202 Misc. 64). The provisions of section 26 of the Decedent Estate Loav do not make an after-born child a legatee of his or her intestate share of the estate (Matter of Vicedomini, supra). Section 26 of the Decedent Estate Law gives an after-born child the status of a statutory distributee Avho takes a share of the estate outside of the will and in spite of the provisions of the will. As the cases hereinabove cited uniformly hold that the will as to such child is deemed revoked, this court finds that the after-born child aaíio takes against and in derogation of the terms of the Avill cannot at the same time avail himself or herself of the benefits of the provisions of the will.
The after-born infant is entitled to receive as her intestate share of the estate one half of the bequests made under article Second of the will and one half of the residuary estate remaining after payment of debts and administration expenses. This intestate share, however, shall be subject to the payment of estate taxes apportioned against it pursuant to the provisions of section 124 of the Decedent Estate Law. The -widow shall, out of her share of the residuary estate, bear all taxes on the abated bequests and upon tb@ nontestamentary property and *557 her prorata share of all estate taxes on property received by her in excess of the marital deduction allowance. The widow is permitted to withdraw her riarht of election under the authority of Matter of Allan (5 N Y 2d 333).