OPINION OF THE COURT
John B. Riordan, S.
Before the court is a petition for the appointment of an administrator c.t.a. pursuant to SCPA 1418.
*653 Lance Nelson died on April 28, 2001. His will dated August 7, 1987 was admitted to probate by this court on January 3, 2002 and letters testamentary issued to his father, Richard Nelson. Richard Nelson passed away on July 15, 2002. By the terms of the decedent’s will his entire estate passed to his parents, Richard Nelson and Louise Nelson, and it appointed Louise Nelson executrix and, in the alternative, Richard Nelson. Louise Nelson postdeceased her son, Lance, and died on September 22, 2001. Accordingly, by the terms of the will the entire estate passes to the estates of Lance Nelson’s mother and father. Lance Nelson was also survived by an infant daughter Ashley Nelson.
The first petitioner is Kim E. Nelson, the former spouse of the decedent who was legally separated from Lance Nelson pursuant to a separation agreement dated December 24, 1997. She is also duly appointed guardian of the property of the decedent’s daughter Ashley Nelson. Kim E. Nelson now claims that she is entitled to an elective share of the estate (EPTL 5-1.1-A) on the grounds that the separation agreement is invalid because Lance and Kim resumed living together as husband and wife. She also asserts that Ashley, as an after-born child, is entitled to all or her pretermitted portion of the estate pursuant to EPTL 5-3.2 (a) (2). She argues that since Ashley and/or her are entitled to the entire estate and are the only persons interested in the estate, letters of administration c.t.a. should issue to her. Her petition also asks that an accounting be filed on behalf of the previous executor.
The assets of the estate are substantial as the decedent was the beneficiary of a significant annuity resulting from an injury payable by the Equitable Life Assurance Society. Annual payments were made to the estate of Lance Nelson of $41,144.76 on May 22, 2001, and $42,379.10 on May 22, 2002, as well as a lump-sum distribution of $100,000 on May 22, 2002. Annual payments are payable on May 22, 2003 until May 22, 2018, ranging from $43,650.48 up to $68,006.01. Lump-sum payments of $200,000 are due in 2007, $400,000 in 2012 and $600,000 in 2017. The total payments made to date are $183,523.86. The deceased executor apparently has an estate account with $164,558.33 as a balance as of January 15, 2003. It also appears that $6,994.61 was paid to Kim Nelson out of the annual installment of $41,144.76 paid on May 22, 2001.
Tracy Marie Welch and Pamela Hornung, the daughters of Richard Nelson and his statutory distributees, have submitted *654 answers and objections to the petition of Kim Nelson for letters of administration c.t.a. Recently Tracy Welch and Pamela Hornung were granted letters of administration jointly as the administrators of the estate of Richard Nelson, their deceased father, and the deceased fiduciary of the Lance Nelson estate (see, Estate of Richard Nelson, Decision No. 119, File No. 325154, Mar. 11, 2003). The daughters of the deceased fiduciary take the position that they have priority for letters of administration c.t.a. under SCPA 1418 (1) (b) which grants priority to “one or more of the residuary beneficiaries or, if any be dead, to his fiduciary.”
Ashley Nelson, an infant, has appeared in this proceeding as a copetitioner represented by her mother as guardian of her property (SCPA 402 [1]). It is clear that there is no conflict of interest or adversity between Ashley Nelson and Kim Nelson in terms of who is entitled to be the successor fiduciary in Lance Nelson’s estate. Accordingly, the court finds no occasion to appointing a guardian ad litem for Ashley Nelson in this proceeding (SCPA 402 [2]).
SCPA 1418 (1) provides in relevant part:
“if at any time there is no executor * * * qualified to act, upon the application * * * the court must issue letters of administration with will annexed [c.t.a.] in the following order of priority:
“(a) to a sole beneficiary or if he be dead to his fiduciary;
“(b) to one or more of the residuary beneficiaries, or, if any be dead, to his fiduciary;
“(c) if there is no eligible person entitled to letters under * * * (a) and (b) * * * who will accept, the court may issue letters to 1 or more of the persons interested in the estate or, if any be dead, to his fiduciary.” (Emphasis supplied.)
The order of priority set forth in SCPA 1418 has been held to be mandatory and the court has no discretion to alter it (Matter of Boyle, 224 AD2d 374 [1996]; Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1418, at 369). The order of priority set forth in the statute is clearly based upon the degrees of actual pecuniary interest in the estate ranging from the sole beneficiary to residuary beneficiaries to persons interested. A beneficiary is a person entitled to any part or all of an estate (SCPA 103 [8]). A beneficiary as broadly defined in the SCPA is not limited to a beneficiary named in a will.
If Ashley Nelson is determined to be an after-born child and was unprovided for by any settlement, the will is revoked to *655 the extent of her intestate share (EPTL 5-3.2 [a] [2]). If she is the only child of the decedent, that intestate share is the entire estate and the entire dispositive provisions of the will are revoked (EPTL 4-1.1 [a] [3]; Smith v Robertson, 89 NY 555 [1882]; Matter of Vicedomini, 285 App Div 62 [1954]; Matter of Wilkins, 180 Misc 2d 568 [1999]; Matter of Heckel, 200 Misc 52 [1951]). Should the court so determine, she is the person entitled to all of the estate. She would therefore be the sole beneficiary within the meaning of SCPA 1418 (1) (a). The guardian of her property has the same priority as the infant (SCPA 1418 [5]). No argument has been made or evidence produced on this application that Ashley Nelson is not an after-born child of this decedent or that she was provided any settlement by her father. Without presently making that determination, the court finds that presumptively she is the sole beneficiary and entitled to letters of administration c.t.a. to issue to her guardian.
The coadministrators of the deceased fiduciary should forthwith turn over to the administrator c.t.a. upon her duly qualifying the assets held by Richard Nelson. The coadministrators should file the account of the deceased fiduciary within 30 days of service of a decree to be settled in this matter.
The administrator c.t.a should file her account no later than one year from the date of her appointment wherein the issues of the distribution of the estate assets, the status of Ashley Nelson as an after-born child and the status of Kim Nelson as a surviving spouse may be resolved.